# UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF MICHIGAN

FLAGSTAR BANK, FSB, a Federally Chartered Savings Bank,

    Plaintiff,

v.

MICHAEL C. HILD, an individual, and LIVE WELL FINANCIAL, INC.,

    Defendants.

Case No. 2:19-cv-11512-SFC-EAS

Honorable Sean F. Cox

**JOINT DISCOVERY PLAN**

| | |
|---|---|
| BODMAN PLC<br>By: Joseph Shannon (P38041)<br>6th Floor at Ford Field<br>1901 St. Antoine Street<br>Detroit, MI 48226<br>Attorney for Plaintiff<br>jshannon@bodmanlaw.com | WHITEFORD, TAYLOR & PRESTON, L.L.P.<br>By: Kathleen Corpus (P59780)<br>290 Town Center Drive, Suite 324<br>Dearborn, MI 48126<br>Attorney for Defendant, Michael C. Hild<br>kcorpus@wtplaw.com |

## JOINT DISCOVERY PLAN

The parties submit the following as their Joint Proposed Discovery Plan in accordance with Rule 26(f)(3) of the Federal Rules of Civil Procedure.

1.  <u>Factual Summary and Legal Issues</u>:

Plaintiff, Flagstar Bank, FSB, alleges that Live Well Financial, Inc. executed and delivered to Flagstar a Mortgage Warehousing Loan and Security Agreement (as subsequently amended and restated) and a Revolving Credit Note (as subsequently amended and restated) under which Live Well promised to pay Flagstar the sum of $30,000,000. Further, on March 29, 2017, Live Well executed and delivered to Flagstar a Loan and Security Agreement referred to in Flagstar's complaint as the Bond Secured Credit Loan Agreement under which Live Well promised to pay Flagstar the sum of $50,000,000 (subsequently amended to $70,000,000). Michael Hild executed and delivered to Flagstar a Guaranty agreement guaranteeing payment "of all indebtedness obligations, and liabilities of [Live Well] to Flagstar (i) whether now existing or subsequently arising (under the Mortgage Warehouse Loan] Agreement or pursuant to any other agreement) . . . ." Flagstar has sued both Live Well and Mr. Hild for breach of their obligations under the Notes/Guaranty.

Defendant, Michael Hild, states that the Warehouse Loan and Note have been fully paid; and, therefore, he is not liable on that Loan or Note. Further,

Hild's guaranty does not extend to the Bond Note because neither Flagstar nor Hild intended Hild to guarantee the Bond Note. Therefore, Hild is not liable to Flagstar on the Bond Note.

Defendant Live Well Financial, Inc. did not participate in this Joint Discovery Plan as the claims against it are stayed by the pending bankruptcy.

2. <u>Basis for Subject Matter Jurisdiction</u>:

Plaintiff and Defendant, Michael Hild, state that the Court has subject matter jurisdiction under 28 U.S.C. § 1332 and 12 U.S.C. § 1464(x) as involves parties which have complete diversity of citizenship.

3. <u>Relationship of this Case to Other Cases</u>: There is no relationship to other cases relating to the issues described in plaintiff's complaint. However, an involuntary petition for relief was filed against defendant Live Well Financial, Inc. under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.*, in the United States Bankruptcy Court for the District of Delaware (Case No. 19-11317). An order for relief was entered on July 1, 2019. The bankruptcy case has stayed all actions against Defendant, Live Well, in this case.

4. <u>Contemplated amendments of Pleadings</u>: At this time, the parties do not propose to amend the pleadings.

5. <u>Discovery</u>: The parties do not anticipate the need to conduct extensive discovery and do not anticipate significant issues arising in discovery. The parties

have discussed the following discovery plan as required by Fed. R. Civ. P. 26(f)(3):

(i) <u>Timing, Form and Initial Disclosures – Fed. R. Civ. P. 26(f)(3)(A)</u>: The parties do not believe that any changes should be made in the timing, form, or requirement of disclosures under Fed. R. Civ. P. 26(a). The parties anticipate exchanging initial disclosures within 4 weeks of the entry of a scheduling order.

(ii) <u>Subjects on Which Discovery May be Needed – Fed. R. Civ. P. 26(f)(3)(B)</u>: The parties believe that the subjects of discovery shall be the nature of the relationship and obligations between Flagstar, Live Well Financial, Inc. and Michael Hild.

(iii) <u>Issues About Disclosure, Discovery, or Preservation of Electronically Stored Information – Fed. R. Civ. P. 26(f)(3)(C)</u>: The parties believe that all of the parties should preserve any electronically stored information, including the e-mail correspondence between Plaintiff, Defendants, and other employees of Live Well Financial, Inc., as well as ESI on their cell phones and/or PDAs.

(iv) <u>Claims of Privilege or Protection – Fed. R. Civ. P. 26(f)(3)(D)</u>: None anticipated at this time.

(v) <u>Changes to the Limitations on Discovery – Fed. R. Civ. P. 26(f)(3)(E)</u>: The parties do not anticipate any changes to the limitations on discovery imposed

under the Federal Rules of Civil Procedure or by Local Rule of the Eastern District of Michigan.

(vi) <u>Other Orders the Court Should Issue Under Rule 26(c) or Under Rule 16(b) and (c) – Fed. R. Civ. P. 26(f)(3)(F)</u>: None.

6. <u>Facilitation/Arbitration/Case Evaluation</u>: Plaintiff and defendant are both open to facilitation to resolve this matter.

7. <u>Anticipated Motion Practice</u>: The parties intend to file cross motions for summary judgment.

8. <u>Settlement</u>: The parties are open to facilitation but have not yet engaged in substantive settlement discussions.

9. <u>Deadlines</u>: The parties believe that the following deadlines are appropriate in this case:

| | |
|---|---|
| Fed. R. Civ. P. 26(a)(1) disclosures: | 4 weeks from the entry of scheduling order |
| Preliminary Witness List: | Three (3) months from the entry of the scheduling order |
| Exhibit List: | Pretrial |
| Expert Witness List and Disclosure under Fed. R. Civ. P. 26(a)(2) – Plaintiff: | Six (6) months from the entry of the scheduling order |
| Expert Witness List and Disclosure under Fed. R. Civ. P. 26(a)(2) – Defendant: | Six (6) months from the entry of the scheduling order |

5

| | |
|---|---|
| Discovery Cut Off: | Nine (9) months from the entry of the scheduling order |
| Early Settlement Conference: | As set by the Court's scheduling order |
| Dispositive Motions: | Eleven (11) months from the entry of the scheduling order |
| All other Motions/Motions in Limine: | To be heard by Pretrial |
| Settlement Conference: | As set by the Court's scheduling order |
| Joint Final Pretrial Order: | As set by the Court's scheduling order |
| Final Pretrial Conference: | As set by the Court's scheduling order |
| Trial: | As set by the Court's scheduling order |

Respectfully submitted,

| | |
|---|---|
| BODMAN PLC | WHITEFORD, TAYLOR & PRESTON, L.L.P. |
| By: /s/ Joseph Shannon (P38041) | |
| 6th Floor at Ford Field | By: /s/ Kathleen Corpus (P59780) |
| 1901 St. Antoine Street | 290 Town Center Drive, Suite 324 |
| Detroit, MI 48226 | Dearborn, MI 48126 |
| Attorney for Plaintiff | Attorney for Defendant, Michael C. Hild |
| jshannon@bodmanlaw.com | kcorpus@wtplaw.com |

## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2019, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys of record.

<u>/s/ Joseph J. Shannon (P38041)</u>
Joseph J. Shannon (P38041)
Attorneys for Plaintiff

Dated: July 29, 2019