UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FLAGSTAR BANK FSB,                      Case No. 19-11512

    Plaintiff,                          Stephanie Dawkins Davis
v.                                      United States District Judge

MICHAEL HILD, *et al.*,

    Defendants.
_____/

**OPINION AND ORDER ON PLAINTIFF'S MOTION
TO LIFT STAY OF PROCEEDINGS (ECF No. 39)**

**I.   PROCEDURAL HISTORY**

Plaintiff Flagstar Bank ("FSB") initiated this civil action against Defendant Michael C. Hild, the Chief Executive Officer of Live Well Financial, Inc. ("Live Well"), on May 22, 2019, for breach of guaranty arising from Live Well's default on its loan obligations to FSB.  (ECF No. 1).  FSB filed an amended complaint on May 31, 2019, adding a breach of notes claim against Live Well.  (ECF No. 5).  On July 18, 2019, District Judge Sean F. Cox stayed these proceedings as to Defendant Live Well due to an involuntary bankruptcy case initiated against Live Well on June 10, 2019 in the United States Bankruptcy Court for the District of Delaware. (ECF Nos. 7, 8).  FSB filed a second amended complaint on November 14, 2019, this time adding Eric Gegner Rohr, Live Well's Chief Financial Officer, and Charles Darren Stumberger, Live Well's Executive Vice President and Portfolio

1

Manager, as defendants, and alleging additional claims of fraud, negligent misrepresentation, conspiracy, and silent fraud. (ECF No. 15). On December 2, 2019, Hild filed a motion to dismiss those four additional claims; the motion remains pending before the court. (ECF No. 19).

On January 15, 2020, the United States of America, by and through the United States Attorney for the Southern District of New York ("the government"), filed an application to intervene and for a partial stay of proceedings. (ECF No. 25). The government informed the court that Hild had been indicted in the Southern District of New York on criminal charges, and it sought both intervention and a stay of this case until the conclusion of the criminal case, which this court granted.[1] (ECF No. 34) The criminal case was subsequently tried and Hild was convicted on all counts on April 30, 2021. *See United States v. Hild*, 19 Cr. 602 (Jury Verdict). On July 27, 2021, Hild filed a Motion for an Acquittal and New Trial in the criminal case largely on the basis of ineffective assistance of counsel pursuant to Fed. R. Crim. P. 29 and 33. *Id.* at Dkt. Entry No. 104. The court in Hild's criminal case has taken his motion under advisement and adjourned his sentencing in the interim. *Id.* at Dkt. Entry No. 109.

On October 15, 2021, FSB filed a motion in this court to lift proceedings as to all Defendants except Live Well. (ECF No. 39). The government and

---

[1] This case was reassigned from Judge Cox to the undersigned on January 31, 2020.

Defendant Rohr filed motions in opposition to FSB's motion. (ECF Nos. 41-42). For the reasons set forth below, the court **DENIES** FSB's motion.

## II.   ANALYSIS

FSB argues that the time is ripe to lift the stay because the criminal trial has concluded and Hild's testimony is on the record. The government opposes, arguing that allowing discovery in this case, while the possibility for a new trial in the criminal case is pending, would implicate the same concerns addressed in the government's initial motion to stay. (ECF No. 41). Namely, a lift of the stay would allow Hild to use this action to circumvent the criminal discovery rules. (*Id.*) The government further contends that the stay is important because the outcome of the criminal case can directly affect the conduct, scope, and result of this civil proceeding. (*Id.*) Rohr concurs with the government's motion and advances two additional arguments. (ECF No. 42). First, Rohr will be called as a witness in the criminal case should a new trial be granted. Second, Rohr has been named as a defendant in the aforementioned adversary proceeding pending against Live Well. (*Id.*)

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants, and the entry of such an order ordinarily rests with the sound discretion of the District Court." *F.T.C. v. E.M.A.*

*Nationwide, Inc.*, 767 F.3d 611, 626-27 (6th Cir. 2014) (quoting *Ohio Env't Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.,* 565 F.2d 393, 396 (6th Cir. 1977) (citation and internal quotation marks omitted)). This inherent discretion is broad in cases like the one before the court, because "nothing in the Constitution requires a civil action to be stayed in the face of a pending or impending criminal indictment, and there is no requirement that a civil proceeding be stayed pending the outcome of criminal proceedings." *Id*. at 627 (quoting *Chao v. Fleming,* 498 F. Supp. 2d 1034, 1037 (W.D. Mich. 2007) and *S.E.C. v. Novaferon Labs, Inc.,* No. 91–3102, 941 F.2d 1210, 1991 WL 158757, at *2 (6th Cir. Aug. 14, 1991)) (internal citations and quotation marks omitted). Courts consider several factors in determining whether to stay civil proceedings:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

*Id.* (quoting *Chao,* 498 F. Supp. 2d at 1037). Courts should also consider "the extent to which the defendant's fifth amendment rights are implicated." *Id*. (quoting *Keating v. Office of Thrift Supervision,* 45 F.3d 322, 324 (9th Cir. 1995)). "[T]he burden is on the party seeking the stay to show that there is pressing need for delay, and that neither the other party nor the public will suffer harm from entry

4

of the order." *Id*. at 627-28 (quoting *Ohio Env't Council*, 565 F.2d at 396).

The court's reasoning underlying its order granting the government's original application for a stay remains largely applicable in considering the current motion to end it. The court stayed this matter principally because, considering the pending criminal case, the majority of the relevant factors weighed in favor of a stay. (ECF No. 34). Beginning with the first two factors listed above, the court found that this case and the criminal case involve the same issues and subject matter, and they are based on the same alleged scheme of conduct committed by the defendants. (*See Id.* at PageID.847-9 ("[T]he strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter.") (citing *S.E.C. v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375-76 (D.C. Cir. 1980)). The issues, subject matter, and alleged scheme of conduct in these cases have not changed. Therefore, the first two factors continue to weigh in favor of a stay for a period to learn whether the criminal case will be retried.

In the court's earlier order staying the case, the third factor weighed slightly against a stay due to the inevitable delay that a stay would cause. (*Id.* at PageID.847-9). FSB did not respond to the government's application and accordingly did not raise any arguments against the stay. Still, the court noted that

5

any prejudice would be minimal as the criminal proceeding was moving along quickly, and the evidence preserved from the criminal trial would reduce the need for discovery in this case. (*Id.* at PageID.849 (citing *Stockwell v. Hamilton*, No. 15-11609, 2016 WL 3438108, at *3 (E.D. Mich. June 23, 2016) (risk of prejudice is remote where civil and criminal proceedings significantly overlap, witness testimony and documents will be preserved in the criminal proceedings, and Speedy Trial Act should prevent extensive stay of the civil proceeding))). As to FSB's current motion, the court observes that the delay will be prolonged pending resolution of Hild's pending motions in the criminal case. However, FSB does not advance any concerns of delay or prejudice in its motion to lift the stay and did not file a reply to the government's response.

    The fourth factor—the private interests of and burden on the defendants—was not of great consequence when this court ordered the stay, as the individual defendants consented to the government's request for a stay, and the proceedings against Live Well had already been stayed due to its bankruptcy proceeding. (*See* ECF No. 34 at PageID.849-50). These facts have not changed in any meaningful way. Rohr concurred in the government's opposition to FSB's motion to lift the stay; the proceedings against Live Well are still stayed; and the remaining individual defendants have not responded. Further, as the court explained in its order issuing a stay, the stay could be beneficial to Hild in that it would allow him

6

to avoid choosing whether to sit for a deposition in this matter or assert his Fifth Amendment rights and risk an adverse inference. (*Id.* at PageID.850). And, staying this case in favor of Hild's criminal case could ultimately reduce the need for extensive discovery, narrow the issues, or promote settlement in this matter, therefore furthering the court's interest in judicial economy. (*Id.*)

As to the final factor, it remains true that the stay furthers the public's interest in effective criminal prosecution. (*Id.* at PageID.851 (citing *S.E.C. v. Abdallah*, 313 F.R.D. 59, 64 (N.D. Ohio 2016))).

Having considered the relevant factors and determined that the majority of them continue to weigh in favor of a stay at this point, the court finds that a stay remains appropriate and will deny FSB's motion.

### III.   CONCLUSION

For the reasons set forth above, the court **DENIES** FSB's Motion to lift the stay of proceedings (ECF No. 39). Recognizing that the calculus may change as time advances, the stay is not indefinite. The stay will remain in place until final disposition of Hild's Motion for an Acquittal and New Trial in his criminal proceeding, up to and including completion of Hild's new trial if the motion is granted. **However, if Hild's criminal case has not been resolved in the trial court within 120 days of the date of this Order or September 19, 2022, the stay**

7

**will expire absent a stipulation by the parties to further extend it or the filing of a motion to further extend it**.

    **SO ORDERED.**

Dated:     March 17, 2022

                                            <u>s/Stephanie Dawkins Davis</u>
                                            HON. STEPHANIE DAWKINS DAVIS
                                            United States District Court Judge