UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

FLAGSTAR BANK, FSB, a Federally
Chartered Savings Bank,

      Plaintiff,

v.

LIVE WELL FINANCIAL, INC., a
Delaware corporation, MICHAEL C.
HILD, an individual, ERIC ROHR, an
individual, and CHARLES DARREN
STUMBERGER, an individual,

      Defendants,

And

THE UNITED STATES OF AMERICA,

      Intervenor.

Case No. 2:19-cv-11512
Hon. Matthew F. Leitman

---

**REPLY BRIEF IN SUPPORT OF PLAINTIFF FLAGSTAR BANK, FSB'S MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANT CHARLES DARREN STUMBERGER**

**A. Stumberger's misunderstanding of this Court's comments is not a basis for vacating, aborting, or invalidating this case, or declaring a mistrial.**

Stumberger accuses this Court of being biased because of comments it made to counsel for Flagstar during the hearing on Stumberger's motion to set aside default. He's wrong. While questioning counsel for Flagstar on the factors for setting aside default, the Court asked why not the 'safer course of action' would be for Flagstar to file a motion for summary judgment based on Stumberger's guilty plea. The Court noted that Stumberger had already plead guilty, evidence of his plea was readily available, and Flagstar could attempt an argument through that plea.

The point the Court was making was that it would rather decide the case on the merits than by default. *See United Coin Meter Co. v. Seaboard C. R.R.*, 705 F.2d 839, 846 (6th Cir. 1983); *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193 (6th Cir. 1986) (there is a strong preference for deciding cases on the merits rather than by default).

Stumberger's conspiratorial view of the Court's comments is exactly the opposite of what occurred. Despite its doubts on Stumberger's ability to assert a meritorious defense,[1] the Court still denied Flagstar's properly supported motion for

---

[1] This Court has repeatedly questioned Stumberger on his meritorious defenses and informed him of the need to articulate such in order to proceed. At the October 31, 2024 hearing on Flagstar's motion for entry of default judgment, the Court specifically asked Stumberger how he could assert a defense when he already entered a guilty plea and admitted to facts underlying Flagstar's claims. Despite not identifying any substantive defense, the Court still denied Flagstar's motion in order

1

entry of default judgment[2] and granted Stumberger's motion to set aside default in order to allow Stumberger the opportunity to litigate this case and assert a defense. Indeed, the Court has bent over backwards to provide Stumberger as much direction as it believes it can, and emphasized the importance of retaining counsel.

This, unquestionably, was done in part because Stumberger is pro se, and in part because of the Court's desire to decide Stumberger's liability on the merits— not when he was in default and faced a higher burden to have the default set aside. If anything, the Court exercised its discretion to tip the scales of justice toward Stumberger, not away. On these facts, Stumberger could never satisfy his burden to demonstrate actual bias. His subjective beliefs are insufficient. *See United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990).

A judge must disqualify himself "in any proceeding in which [his] impartiality might reasonably be questioned" if certain circumstances exist, such as when the judge "has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(a) and

---

to allow Stumberger time to make a fuller record. At the March 3, 2025 hearing on Stumberger's motion to set aside default, the Court again questioned Stumberger on his meritorious defenses. Stumberger simply stated that Flagstar's claims and facts are "not true."

[2] Flagstar's motion for entry of default judgment was properly supported by the record and the law. The only reason the Court denied it was to give Stumberger the benefit of the doubt. Stumberger's characterizations of the default as "unconstitutional," "unethical," "slimy," and "clandestine" are not supported by any substance and are silly in light of his own statements that he was served but ignored this matter on the advice of some person in New York who he will not name.

(b)(1). Recusal is based upon an objective standard and is required "if a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality." *Johnson v. Mitchell*, 585 F.3d 923, 945 (6th Cir. 2009) (quoting *Hughes v. United States*, 899 F.2d 1495, 1501 (6th Cir. 1990)).

In general, the moving party must show bias or prejudice arising from an "extrajudicial source." *Liteky v. United States*, 510 U.S. 540, 551 (1994). Opinions formed by the judge on the basis of facts introduced or evidence occurring in the course of current or prior litigation do not constitute a basis for bias. *Id.* at 555. In fact, that is the very essence of litigation – to convince a trier of fact that you, not the opposition, are telling the truth. In the absence of proof of extrajudicial bias, the moving party must show that the judge has "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id*

Stumberger's allegations of bias are based on his subjective beliefs and childish reimagination of the facts. The comments he complains of were based on the Court's understanding of Stumberger's guilty plea and the similarities between those criminal charges and Flagstar's claims here. *Id*. at 555. The Court's comments don't amount to "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id*. Had the Court had any bias or antagonism against Stumberger, it would have at least entered a default judgment or refused to set aside

3

the entry of default. The Court has instead been generously lenient with Stumberger, even when he can't meet his legal burden.

Stumberger next accuses the Court and counsel for Flagstar of engaging in ex parte communications. A pro se litigant is not excused from the requirement to show appropriate courtesy and respect to the Court. Nor is a pro se litigant is entitled to make unfounded accusations that a court or judicial officer is biased or prejudiced. *Mayberry v. Pennsylvania*, 400 U.S. 455, 462-63 (1971) (pro se litigant may be cited with criminal contempt for denouncing, insulting, and slandering the court); *Maus v. Ennis*, 513 Fed. Appx. 872, 878 (11th Cir. 2013). Had a licensed attorney signed Stumberger's brief, he would undoubtably be subject to rebuke from the Court.

### B. Flagstar is entitled to summary judgment because there is no genuine issue of material fact on Flagstar's claims.

Since his appearance in October 2024, Stumberger has repeated the same position that he cannot and will not recant his guilty plea, but that he has a defense. He has both claimed that he can't assert a defense because of his plea, but that there are questions of fact and that he's entitled to discovery. This Court has given Stumberger over a year to state his defenses and present his case. This Court has repeatedly asked Stumberger how he can overcome the testimony and admissions made during his plea hearing. Stumberger's response brief confirms that he can't.

Stumberger doesn't substantively engage with Flagstar's arguments regarding the binding effect of the statements and admissions made during his plea hearing, or

4

the factual and legal overlap between his criminal convictions and Flagstar's civil claims. With the understanding that Stumberger's hands are tied by his prior admissions, Stumberger fails to identify any material facts regarding Flagstar's claims and fails to identify any discovery that would overcome Flagstar's claims. His continued blanket denials are insufficient to overcome summary judgment.

Although Stumberger says he will not recant his guilty plea (that is the end of this matter), he wants to leave the impression that something about his guilty plea was improper. However, Stumberger was cooperating with the SEC for a year before he was indicted; he plead guilty the same day as his indictment; and his guilty plea was supported by sufficient independent evidence. Finally, it is worth noting that if Stumberger was going to testify in this matter different than in his criminal matter, all he would be doing is admitting that he lied under oath to a federal judge. That is not a basis to defeat Flagstar's motion.

**C. Rohr's settlement is irrelevant.**

Stumberger theorizes much about Rohr's dismissal from this lawsuit. His conspiracy theory is both irrelevant and factually inaccurate. Unlike Stumberger, Rohr accepted personal service of the complaint in December 2019 and promptly appeared and participated in the proceedings. ECF Nos. 21 and 29. He answered the complaint (i.e., admitting or denying Flagstar's allegations) and even engaged in discovery. See ECF Nos. 67, 79. In December 2023, Rohr and Flagstar entered into

5

a confidential settlement agreement, and Rohr was accordingly dismissed with prejudice. See ECF No. 88. Flagstar made good-faith settlement negotiations with Stumberger in February of 2025. Stumberger has offered nothing. He apparently just insists that Flagstar do away. The mere fact that Stumberger and Flagstar could not come to an agreement does not mean that Stumberger is facing disparate treatment or "selective enforcement."[3]

### D. Stumberger's remaining complaints are unfounded or irrelevant.

Stumberger's brief mostly amounts to an expression of his frustrations in having to deal with the consequences of his criminal acts. Stumberger is still required to participate and present his defenses and respond to Flagstar's claims, or accept liability. He has not been denied the opportunity to retain counsel; denied access to any information; and he does not have a right (as he appears to believe) to settlement. Contrary to his assertions, this civil case does not amount to not a "double" or "triple jeopardy." A double jeopardy violation occurs when there are "multiple criminal punishments" for the same offense. *Hudson v. United States*, 522 U.S. 93, 99 (1997). The mere fact that Stumberger accepted criminal responsibility in exchange for preferential treatment by the United States does not mean he cannot be liable civilly.

---

[3] The doctrine of selective enforcement does not apply here. Selective enforcement under the Due Process Clause of the United States Constitution applies to prosecutions in criminal matters. *United States v. Anderson*, 923 F.2d 450, 453 (6th Cir. 1991).

Stumberger continues claiming that a "dire, grave, and unmistakable threat" has been made against him and his family warning him not to discuss his criminal plea. But this threat is still nonspecific. While this "threat" mostly likely comes from his former criminal lawyer informing him of the consequences of trying to testify two different ways in two different federal courts, any threat is irrelevant to this matter, particularly since Stumberger has shared no specifics.

Stumberger lastly claims that there is newly released "alleged Brady material" and "alleged 'Potential Criminal Behavior'" that have "emerged from this Court's docket." Response at pg. 13. It is unclear to Flagstar what Stumberger is referring to.[4] This Court has already instructed both Hild and Stumberger that if there is criminal conduct, such conduct should be reported. If anything, Stumberger may be referring to briefing submitted by Hild wherein he makes claims about what he believes the evidence will show. Hild's own assertions about what potential discovery may reveal is not 'evidence on the Court's docket.' This appears to be Hild's and Stumberger's private game of telephone – Hild says it, Stumberger cites and enhances and then repeats it. Hild picks up on it and on the game goes.

---

[4] Stumberger's reference to "Brady material" is misplaced. *Brady v Maryland*, 373 US 83, 87 (1963) addresses suppression of evidence by the prosecution. It does not apply to civil suits between private parties. *Brodie v. Dept. of Health & Human Servs.*, 951 F. Supp. 2d 108, 118 (D.D.C. 2013) ("*Brady* does not apply in civil cases except in rare situations, such as when a person's liberty is at stake."). And to the extent he is referring to the same "Brady material" that Hild takes issue with, the Second Circuit Court of Appeals has already held that no *Brady* violation occurred.

                                             Respectfully submitted,

                                             BODMAN PLC

                                             By: */s/ Joseph J. Shannon*
                                             Joseph J. Shannon (P38041)
                                             Fawzeih H. Daher (P82995)
                                             6th Floor at Ford Field
                                             1901 St. Antoine St.
                                             Detroit, MI 48226
                                             Attorneys for Plaintiff
                                             jshannon@bodmanlaw.com
Dated: November 14, 2025              fdaher@bodmanlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 14, 2025, the foregoing was electronically filed with the Clerk of the Court which will give notice of such filing to all parties of record and service upon the following via first class mail and email at:

Charles Darren Stumberger
118 Chestnut Street #407
Red Bank, NJ 07701
cdjs2013@gmail.com

Michael C. Hild
2302 E. Marshall Street
Richmond, VA 23223
michaelchristopherhild@gmail.com

                    By: */s/ Joseph J. Shannon*
                    Joseph J. Shannon (P38041)
                    Attorney for Plaintiff