Case No. 2:19-cv-11512

Hon. Matthew F. Leitman

**FLAGSTAR BANK, FSB, Plaintiff,**

v.

**MICHAEL HILD**

---

NOTICE OF MISCHARACTERIZATIONS, PROCEDURAL OBJECTIONS

AND

SUR-REPLY IN FURTHER OPPOSITION TO FLAGSTAR'S MOTION FOR SUMMARY JUDGMENT

*(Filed Pro Se by Defendant Charles Darren Stumberger)*

---

# INTRODUCTION

Flagstar's November 14, 2025 Reply is built on distortions, omissions, and outright falsehoods. As a pro se litigant who only became engaged in this lawsuit in late 2024—because of years of defective service—my only means of protecting my rights is to speak plainly. **Joseph Shannon, counsel for Flagstar, has lied to this Court repeatedly.** Those lies are not rhetorical flourishes; they are habitual and documented, contradicted by transcripts, contradicted by Court orders, and contradicted by Flagstar's own filings.

On April 11, 2025, **Shannon lied to this Court** by stating he was preparing a settlement proposal. I never received any proposal—not via email, not via phone call, not via a document—nothing. My recollection from early 2025, was there was a brief call that set forth scheduling of a follow-on call. The follow-on call consisted of a brief high level discussion about my situation. The call ended with Shannon declaring he would work with Flagstar on the framework of a settlement. Subsequent to that, Shannon's dishonest statement to the Court at the April 11, 2025 status conference (that he was preparing a settlement proposal) served only one purpose: to avoid the 45-day deadline Judge Leitman had ordered on March 5, 2025—**a deadline Flagstar missed by more than 160 days when it filed its motion on September 29, 2025**. Shannon lied to the Court knowing I and the Court would rely on it. After that status conference, Shannon disappeared for five months, then blindsided me with a summary-judgment motion. **Do Court ordered deadlines not matter? Why is the Court still permitting Flagstar to pursue Summary judgement 160 days past the Court ordered due date?**

**Shannon has also lied** by repeatedly telling this Court that "I ignored this lawsuit for years." This Court found the opposite in its March 2025 Order: I was never properly served, notices were allegedly sent to old addresses (or erroneous ones), an incorrect email was used (not mine), however, I acted promptly once finally notified and have been actively engaged since. Shannon's continued repetition of this falsehood is a deliberate attempt to rewrite procedural history, and prejudice the Court against me.

**Shannon's characterization of my plea in *United States v Stumberger* (1:19-cr-00608) as dispositive of civil liability is legally incorrect.** There was no trial in *United States v Stumberger*. **A federal plea allocution is *not* a civil adjudication and does not automatically resolve civil claims by third parties.** As the Supreme Court held in *Haring v. Prosise*, 462 U.S. 306 (1983), **issue preclusion (or collateral estoppel) requires that the issue be "actually litigated and necessarily decided" in the prior case.** Per the Supreme Court - A plea involves neither; it is a negotiated waiver, not a factual determination. Because none of the elements Flagstar relies upon—intent, reliance, causation, or damages—were litigated or decided in the *United States v Stumberger* criminal

proceeding, preclusion cannot attach. Flagstar still bears the burden of proving each civil element independently.

Prosise v. Haring "criminal judgments based upon guilty pleas can have no collateral estoppel effect…because by definition none has been 'actually litigated'"

Haring v. Prosise "a defendant's decision to plead guilty may…have any number of other motivations…it is impermissable…to assume…a guilty plea is based on …inability to defend"

**Based on this, Summary judgement would violate the Supreme Court ruling on *Haring v. Prosise*, 462 U.S. 306 (1983).**

Compounding all this, Flagstar ignores its own inconsistent and contrived loss submissions in the federal restitution proceedings, ignores Rohr's denials and statements alleging Flagstar caused its own losses, and ignores Brady disclosures in *United States v. Hild* raise serious causation issues. Whether it's considered Brady Material (ECF 144) or simply 'new previously undisclosed material and relevant evidence', it's one and the same irregardless of Shannon's choice of proper nomenclature.  This evidence is crucial to this case, discovery and the ultimate trial.  The November 14 Reply attempts to mask these disputes through misdirection and by silencing me before discovery can occur.

In his November 14th filing, Shannon claims I have a 'childish' reimagination of the facts.

**The only 'childish' behavior here is by Shannon** who continuously runs to the Judge with brazen lies and attempts to jam in sham judgments because he's 'afraid' of the truth surfacing, and facing me in trial.  Shannon knows Flagstar will be exposed to newly produced allegations of 'Possible Criminal Behavior', false statements, and its ignorance.

**'Fear' and 'Cover up' are not rationalization for a Summary Judgment, and should not even remotely be considered.**

It does bear mentioning, when the alleged criminal behavior surfaced on this Court's docket implicating individuals and entities (all publicly available), I was

told by the Court that if I had information about such criminal behavior, I should refer it to law enforcement.  Well I did.

Maybe this should serve as a reminder that I am the only one involved here who is not an 'Officer of the Court', and that obligation to report to law enforcement should be borne jointly at a minimum, or rather in a superseding position by said 'Officers of the Court'.  This is publicly available information on this Court's docket, not just my knowledge.

But any reader can understand why Shannon attempts to make light of this, and jokes about it in his November 14th filing.  **His client Flagstar is at the heart of the allegations!**

Further, in his November 14th filing, Shannon claims it's 'silly' I characterized his despicable and malicious attempt to obtain Default Judgment as 'slimy' 'unethical' 'clandestine' and 'unconstitutional'.

**There is nothing 'silly' here, it's actually quite alarming.**  Consistent grotesque and dishonest behavior by Shannon wrapped neatly within habitual lies.  Shannon fails to mention that the document handed to me in NYC had clear and plain language that the document was expiring and a new document would be produced. A new document was never produced. Shannon also fails to mention it was Mr. Xavier Donaldson who I have said repeatedly on he record and present in Court transcripts as the person who told me to disregard the document (for good reason in that the document was expiring).

Shannon took one bite of the apple being deceitful with the Default Judgment. This Court should not grant Shannon a second bite of the apple with his continued unscrupulous and immoral tactics.

This Sur-Reply corrects Shannon's misrepresentations and preserves the factual record necessary for a fair adjudication.  Flagstar and Shannon is used interchangeably in this document, however the intent is 'one and the same'.

# I. FLAGSTAR LIED ABOUT SERVICE, NOTICE, AND MY PARTICIPATION HISTORY

Flagstar's foundational narrative—that I "ignored the lawsuit for years"—is false and has already been rejected by this Court. In March 2025, the Court set aside the default expressly because I had **not** been served. The Court found that:

- service was defective,
- notices were sent to outdated addresses or erroneous ones,
- an email used by Flagstar was not mine,
- some notices were sent to a former criminal attorney who had no involvement here,
- and I acted promptly once I became aware of the lawsuit.

Yet despite these clear findings, **Shannon continues to lie** and assert that I intentionally ignored the case.

Adding to this, the March 5, 2025 transcript reveals a troubling dynamic. Judge Leitman asked:

> *"Why isn't the safest course of action for Flagstar here to set aside the default and put together quickly a motion for summary judgment?"*

Shannon responded:

> *"All right. I now know when you ask a question like that, you are thinking it's the way we should do it."*

This exchange suggests counsel was taking instructional cues from the bench—a dynamic that undermines the appearance of neutrality required by due process.

This exchange has already been heavily documented in my October 31, 2025 filing 'Motion to have case vacated, aborted, invalidated or declared a mistrial'. The facts are on the record, and procedural steps being taken to shine light on these circumstances underway pursuant to 28 U.S.C. § 455.

---

## II. THE REAL STORY OF DEFECTIVE SERVICE AND LACK OF NOTICE

For five years, I had no notice of this litigation because service was fundamentally defective. Documents were allegedly mailed to addresses where I no longer lived (or erroneous addresses) and allegedly sent to an email account which wasn't mine. Notices were also allegedly sent to a former attorney who had no involvement in this case and never forwarded anything to me.

Flagstar revealed they contacted SDNY AUSA Scott Hartman seeking my address, yet he declined to provide the correct information his office maintained, and instead directed Shannon to communicate through my former attorney—a person who never passed anything along and was not involved here. This ensured that no live or actionable notice reached me until October 2024.

This unusual detour aligns uncomfortably with allegations—submitted by a co-defendant, not by me—suggesting questionable coordination between Flagstar and certain government actors. I am not asserting these allegations as fact; I am noting that the pattern raises legitimate questions about why service was routed through a channel guaranteed to fail.

When I later asked about co-defendant Rohr at the November 20, 2024 status conference, Judge Leitman said:

> "I've got to confess, Mr. Stumberger, I don't recognize that name."

But Judge Leitman had personally signed Rohr's dismissal order on January 3, 2024 (ECF 88). That the Court did not recognize a defendant of this same case that it dismissed with prejudice less than a year earlier is alarming and compounds the due-process concerns here.

Once I finally received proper notice in late 2024, I immediately appeared, filed responses, and participated in all proceedings. **Shannon's repeated claim that I ignored this case is a lie.**

## III. MERITORIOUS DEFENSE ESTABLISHED IN MY OCTOBER 2024 ANSWER

Flagstar's claim that I "present no meritorious defense" is not only false — it is **demonstrably rebutted by the record**. The moment I finally received actionable notice of this lawsuit in October 2024, I filed my **Answer to the Second Amended Complaint** on October 29, 2024. That Answer was not a placeholder. It was a detailed, line-by-line set of responses, factual disputes, and affirmative clarifications that directly contradict Flagstar's narrative.

In connection with the dispute to Flagstar's allegations and characterizations, I have expressly stated that each would be supported through documents and testimony once I was afforded fair access to discovery — access that had been denied for five years because of defective service. This filing alone is a "meritorious defense" under well-established law. Courts have consistently held that a meritorious defense exists where the defendant's Answer contains specific denials or factual disputes that would constitute a defense if proven. **INVST Financial Group v. Chem-Nuclear Systems**, 815 F.2d 391 (6th Cir. 1987); **United Coin Meter Co. v. Seaboard Coastline**, 705 F.2d 839 (6th Cir. 1983).

My Answer meets — and exceeds — that standard. The Sixth Circuit has made clear that a meritorious defense need not be proven at the default-setting-aside stage or at the summary-judgment stage; it only requires a "hint of a suggestion" that the case involves factual disputes requiring a trial. **Shepard Claims Service v. Darrah**, 796 F.2d 190, 193 (6th Cir. 1986). My Answer contains dozens of such disputes.

And critically, my Answer is **materially similar** to the Answer filed by co-defendant **Eric Rohr**, Live Well's former CFO, who issued broad denials and asserted that **Flagstar caused its own losses**. Rohr's denials were accepted by Flagstar and the Court as sufficient to justify a negotiated dismissal with prejudice — yet Shannon now claims my factual disputes are "meaningless." This is not law; it is **another lie** by Shannon and a transparent double standard.

My October 2024 Answer is strong evidence of a meritorious defense. It squarely contradicts Flagstar's allegations and preserves factual disputes that must be

resolved through witness testimony and cross-examination at trial, not through a procedurally tainted summary judgment.

## IV. FLAGSTAR LIED ABOUT "A YEAR OF DISCOVERY"

Shannon's assertion that I had "a full year" to conduct discovery is false. I, for all intent and purposes learned of this lawsuit only in late 2024 (11th hour) as a Default judgment was stealthy in the works. On April 11, 2025, **Shannon lied again** by telling the Court he was preparing a settlement proposal. After that statement, he went silent for over five months.

Instead of a proposal, I received a summary-judgment motion.

As a pro se litigant—without counsel, without my plea agreement, and without any discovery materials—there was no feasible way to initiate discovery when the opposing party went dark immediately after lying to the Court negotiations were underway.

**Shannon created the silence, then weaponized it.**

---

## V. FLAGSTAR MISSTATES THE LAW ON GUILTY PLEAS AND CIVIL LIABILITY

Flagstar's argument that my federal guilty plea automatically establishes civil liability is contrary to binding authority.

In **Haring v. Prosise**, 462 U.S. 306 (1983), the Supreme Court held that a guilty plea does not bar a civil defendant from contesting facts not "actually and necessarily litigated" in the criminal case.

In **Walker v. Schaeffer**, 854 F.2d 138 (6th Cir. 1988), the Sixth Circuit held that a plea does not conclusively establish civil liability.

My plea did **not** decide any fact necessary to civil liability here. It did not establish reliance, causation, damages, or any element of Flagstar's civil claims. **Shannon knows this and continues misrepresenting the legal effect of my plea.**

I still do not have my plea agreement and cannot safely comment on certain topics without reviewing it. Rule 56(d) exists precisely for this scenario.

---

## IV. THREATS AND WHY I CANNOT ELABORATE ON THEM

I have not disclosed details about the threats because doing so would endanger my children and me. These threats are recent—arising this year—and began almost immediately after contact from a former attorney for co-defendant Hild.

Disclosing the threat details publicly, especially on a federal docket, would increase the danger.

What I *can* say is that the threats originated from the same circles now accused—**in filings submitted by a co-defendant, not by me**—of improper coordination with Flagstar. This context explains why it was unsafe for me to elaborate on the record and why Flagstar's attempts to weaponize my silence are deeply disturbing.

---

## V. THE ROHR DISMISSAL, THE COURT'S OWN STATEMENTS, AND THE DOUBLE STANDARD THAT CANNOT BE IGNORED

Flagstar and **Shannon continue to lie** about the relevance of co-defendant Eric Rohr, but the transcripts, filings, and the Court's own statements show a disturbing and undeniable pattern: Rohr was treated entirely differently than I was — not because our legal circumstances were different, but because **he received notice, he had representation, he had money, and I did not** (among other Flagstar incentives to have him removed from the case).

Rohr was Live Well's CFO, a Board member, and a senior executive with far more access to financial operations than I ever had. Yet Rohr — represented by counsel — **denied more than seventy-five of Flagstar's allegations**, including, expressly denying that Flagstar reasonably relied on any alleged misrepresentations. Rohr went further, asserting that **Flagstar caused its own losses**, directly contradicting the very liability theories Flagstar now tries to pin solely on me.

Despite those denials, and despite Flagstar's insistence that its losses were clear and straightforward, Flagstar stipulated to Rohr's dismissal **with prejudice**. That dismissal was entered on January 3, 2024, without any hearing, testimony, or appearance by Rohr.

The transcripts confirm that Rohr never appeared before the Court — and that the Court itself was unaware of who Rohr was. At the November 20, 2024 status conference, when I raised Rohr's name, Judge Leitman stated:

> "I've got to confess, Mr. Stumberger, I don't recognize that name."

The Court made this statement **despite personally signing Rohr's dismissal order only months earlier**. That level of unfamiliarity underscores that Rohr never appeared, never participated in hearings, and never stood before the Court in any capacity. The entire handling of Rohr occurred privately between Flagstar's counsel and Rohr's attorney — with the Court simply rubber-stamping their joint dismissal.

The March 5, 2025 transcript removes any doubt.

Eric Rohr was privately settled out of the case — a point **I raised on the record and again in my recent filing** because the entire process occurred outside public view and without any appearance by Rohr, which directly implicates the absence of transparency and fairness.

Even Judge Leitman noted during that same hearing:

> "There is a sort of mystery with respect to Mr. Rohr."

And:

> *"I haven't seen him in this case…"*

These statements are not ambiguous. They reflect exactly what happened: Rohr settled quietly, off the record, without ever appearing, and without the Court developing any familiarity with him. The Court's own confusion about Rohr's identity proves that Rohr's dismissal involved **no public process whatsoever**.

Meanwhile, I — who never received notice — am now being told that my lack of early participation is a basis for judgment against me.

Shannon's narrative that Rohr "cooperated early" is misleading and **another lie**. Rohr's so-called cooperation consisted of filing an Answer (because he was served) before settling. Nothing in the transcripts or filings shows substantive testimony, admissions, or cooperation proving Flagstar's claims. **In fact, Rohr's Answer disputes them.**

The October 2024 transcript also reveals Shannon lumping me and Rohr together when convenient:

> *"…in that both Mr. Stumberger and Mr. Rohr…"*

Yet Shannon now insists Rohr is irrelevant — only because Flagstar was likely told to usher Rohr out privately while using defective service to keep me unaware.

Under **United States v. Armstrong** and **United States v. Anderson**, such disparate treatment of similarly situated defendants raises substantial due-process concerns. The Court's inability to recognize Rohr's name, combined with Shannon admitting at conferences and again on record with his recent filing that Rohr's disappearance was kept private from the public, confirms a discrepancy that would trouble any neutral observer. It also certainly fits the narrative of recently surfaced claims that Rohr is a participant in the alleged collusion amongst numerous parties, including Flagstar.

Rohr's treatment showcases exactly why summary judgment is improper here: two defendants stood accused of the same alleged conduct; only one — the one deprived of money, notice, and inability to obtain counsel — is now being cornered through procedural ambush.

## VI. FLAGSTAR HAS NOT PROVEN CIVIL DAMAGES — AND THE RECORD SHOWS IT CANNOT

FLAGSTAR HAS NOT PROVEN CIVIL DAMAGES — AND THE RECORD SHOWS IT CANNOT

Flagstar has produced **no civil damages evidence** whatsoever. Instead, it seemingly plans to import a federal restitution figure that shifted multiple times after repeated requests by the court because **Flagstar's own claimed losses submitted were inconsistent or inaccurate by millions of dollars**. Restitution, however, is not a civil damages finding. It is not based on evidentiary standards of causation, reliance, or foreseeability. It does not satisfy the burden required in this Court.

Despite its rhetoric, Flagstar has not provided:

- a damages calculation,
- a damages expert,
- valuation spreadsheets,
- reliance evidence,
- causation analysis,
- or any admissible proof tying alleged losses to me.

Under **Anderson v. Liberty Lobby**, factual disputes about damages alone preclude summary judgment. Under **Celotex**, a party moving for summary judgment must present evidence supporting each essential element of its claim. Flagstar has not done so.

Rohr's filings further weaken their position. **Rohr- former CFO—asserted that Flagstar caused its own losses. That is a material factual dispute requiring a jury, not a basis for summary judgment.**

# VII. BRADY MATERIAL AND MARKET-WIDE VALUATION EVIDENCE CREATE MULTIPLE TRIABLE ISSUES

Flagstar's Reply ignores the (ECF 144) Brady evidence (or the newly discovered evidence) which showed that a host of issues (potentially criminal in nature and otherwise) undertaken by individuals and institutions undermine Flagstar's simplistic narrative that its losses stemmed from *Live Well Financial*. The Brady disclosures are transparent and observable on any one of multiple Court dockets including this Court's.

These Brady disclosures directly impact:

- causation,
- foreseeability,
- reliance,
- damages,
- and Flagstar's own role in generating or amplifying its losses.

Under **Matsushita**, courts must consider the entire evidentiary context when evaluating summary judgment. Here, that context includes **(but is not limited to):**

- Rohr's denials and assertion Flagstar was at fault.
- inconsistent restitution submissions,
- Brady material alleging collusion and malicious behavior behind the curtain,
- Flagstar's own documentation errors,
- 'Potential Criminal Behavior' by Flagstar itself as described on this Court's docket.

The record is saturated with factual disputes that cannot be decided by Summary judgement as a matter of law.

---

# VIII. RULE 56(d) REQUIRES DENIAL OR DEFERRAL OF SUMMARY JUDGMENT

Rule 56(d) exists precisely for situations like mine—where a party has been deprived of notice, deprived of discovery, and deprived of access to essential documents through no fault of their own.

Moreover, **my inability to obtain counsel is not a strategic choice—it is a financial reality**, one that Shannon repeatedly misrepresents. In prior status conferences, Shannon complained that my appearing pro se would make matters "complicated" and "costly" for Flagstar, yet he simultaneously argues I had not been denied counsel. **That is yet another lie by Shannon**. I have no assets, no savings, and no financial capacity to retain private counsel for a civil case of this size.

There is no public defender for federal civil litigation. And pro bono civil representation is nonexistent for complex financial cases of this nature.

In reality, I work full time, and am restricted to entry-level wages only. Those wages cover only basic living expenses. I cannot afford rent or a car payment. I pay biweekly child support from what little remains. These circumstances are not choices—they are constraints imposed by my financial reality and my employment limitations.

**Shannon's suggestion that my lack of counsel is voluntary is another misrepresentation**, designed to punish me for poverty and to weaponize my financial hardship against me. I:

- was not properly served for 5 years,
- only officially became involved in the case in late 2024,
- was misled by **Shannon's lie to the Court** about a forthcoming settlement proposal,
- never received discovery from Flagstar,
- still do not have my plea agreement,
- and faced safety threats that directly affected my ability to participate.

Under **Celotex**, summary judgment is improper where the nonmovant has not had access to evidence essential to opposing the motion. Under **Anderson**, when damages, intent, causation, or reliance are in dispute—as they clearly are here—summary judgment must be denied.

Flagstar's motion is not about undisputed facts. It is about using years of defective service, coupled with **Shannon's repeated lies**, to obtain judgment before discovery can reveal the truth.

---

## CONCLUSION

Flagstar's motion for summary judgment is built on cover ups, falsehoods, procedural irregularities, and deliberate misrepresentations. It ignores Rohr's denials, ignores Brady material, ignores its own inconsistent damages submissions, and relies heavily on **Shannon's lies** about service, discovery, settlement, notice, and my ability to participate.  As important, it attempts to cover up the truth and Flagstar's alleged potential criminal behavior and collusion.

**Flagstar cannot face me in a trial due to fear of disastrous implications for Flagstar.  To be honest, Flagstar is not wrong as many similarly minded entities with power, money and influence would want its situation covered up and shoved under the rug.**  However, cover up is not a reason to impose Summary judgement against me and my children.

This case is a textbook depiction of how evil, power, money and influence try to take advantage of the financially incapable, weak and unrepresented.

**I am not asking for special treatment—I am asking for my constitutional rights to not be violated, and for fair and impartial treatment in this proceeding.**  This requires proper notice, opportunity, and discovery.

Summary judgment is improper.

Respectfully submitted,
**Charles Darren Stumberger**
Pro Se Defendant

118 Chestnut Street #407 Red Bank, NJ 07701

cdjs2013@gmail.com