UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FLAGSTAR BANK FSB,

        Plaintiff,

v.

MICHAEL C. HILD, *et al.*,

        Defendants.

Case No. 19-cv-11512
Hon. Matthew F. Leitman

_____/

## ORDER DIRECTING DEFENDANT MICHAEL C. HILD TO SHOW CAUSE

Now pending before the Court is Defendant Michael C. Hild's motion for leave to conduct additional discovery. (*See* Mot., ECF No. 149.)  The Court has set a hearing on Hild's motion for April 27, 2026.  In preparing for the hearing, the Court has carefully reviewed Hild's motion and his reply brief.  In doing so, the Court has discovered what appear to be a number of problematic citations in those papers.  For example:

- On Page 8 of Hild's motion, Hild cites to the Sixth Circuit's decision in *Leary v. Daeschner*, 349 F.3d 888 (6th Cir. 2003).  He says that on page 906 of that opinion, the Sixth Circuit said: "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements."  That quotation does not appear in the *Leary* decision.

- On Page 9 of Hild's motion, he says that in *Yeschick v. Mineta*, 675 F.3d 622, 629-30 (6th Cir. 2012), the Sixth Circuit "appli[ed] excusable neglect under Rule 60(b)(1) and extraordinary circumstances under Rule 60(b)(6)

1

to attorney abandonment."  But *Yeschick* did not involve attorney abandonment, and the Sixth Circuit never cited or discussed Rule 60(b)(6).

- On page 9 of Hild's motion, he cites to the following case: *Century Prod., Inc. v. S. Home Designs, Inc.*, 10-12551, 2011 WL 4404062, at *3 (E.D. Mich. 2011).  That case does not appear to exist.  Case No. 10-12551 in this Court is *Nelson v. Bank of America*, and the Westlaw citation provided does not exist.  It also does not appear that a party with the name "S. Home Designs, Inc." has ever appeared in this Court.

- On page 9 of Hild's motion, he cites the Sixth Circuit's decision in *In re Nat'l Prescription Opiate Litigation*, 956 F.3d 838, 843-44 (6th Cir. 2020) for the proposition that "attorney negligence alone bars relief due to lack of party diligence."  But that case does not stand for that proposition.

- On Page 9 of Hild's motion, he cites the Sixth Circuit's decision in *Rodriguez v. Hirshberg Acceptance Corp.*, 62 F.4th 270, 281 (6th Cir. 2023) for the proposition that "extensions under Rule 16(b)(4) assess full context, including external factors affecting compliance."  But *Rodriguez* never discusses Rule 16(b)(4), and the opinion ends at page 278.  Thus, the page of that opinion that *Hild* cites to does not exist.

- On Page 10 of Hild's motion, he cites to the following case: *Andre v. Bodi*, 13-251, 2014 WL 1320320, at *2 (E.D. Mich. Ar. 2, 2014).  No such case appears to exist.  The case number does not exist in this Court; the Westlaw citation provided is not of any case, and is instead a Department of Defense Language Testing Program; and no party with the first or last name of "Bodi" appears to have ever appeared in this Court.

- On Page 2 of his Hild's reply brief, he cites to the Sixth Circuit's decision in *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) for the proposition that "attorney abandonment can constitute good cause."  But *Inge* never discusses attorney abandonment.

Based on these concerns about the arguments and citations that Hild has presented in his filings, the Court **ORDERS** Hild to **SHOW CAUSE**, in writing, by no later than **April 22, 2026**, as to (1) where he obtained the case citations and

2

quotations identified above; (2) if those cases and quotations exist; (3) whether he read each of the cases that he cited and quoted in his motion and reply brief; (4) whether he used artificial intelligence to generate his motion and reply brief; and (5) why he should not be sanctioned, including the denial of his motion and the imposition of attorney's fees and costs if he did use fictitious and/or artificially generated cases. *See, e.g., Crespo v. Tesla, Inc.*, No. 25-CV-80129, 2025 WL 1799411 (S.D. Fla. June 30, 2025), *aff'd,* No. 25-CV-80129, 2025 WL 2326039 (S.D. Fla. Aug. 12, 2025), *motion to certify appeal denied,* No. 25-CV-80129, 2025 WL 2830913 (S.D. Fla. Aug. 22, 2025), and *appeal dismissed,* No. 25-12810, 2025 WL 3485426 (11th Cir. Dec. 4, 2025).

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: April 15, 2026

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 15, 2026, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126

3