UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

FLAGSTAR BANK, FSB, a Federally
Chartered Savings Bank,

        Plaintiff,

v.

LIVE WELL FINANCIAL, INC., a
Delaware corporation, MICHAEL C.
HILD, an individual, ERIC ROHR, an
individual, and CHARLES DARREN
STUMBERGER, an individual,

        Defendants,

And

THE UNITED STATES OF AMERICA,

        Intervenor.

Case No. 2:19-cv-11512
Hon. Matthew F. Leitman

---

**PLAINTIFF FLAGSTAR BANK, FSB'S OPPOSITION TO
DEFENDANT MICHAEL C. HILD'S RENEWED MOTION FOR LEAVE
TO CONDUCT ADDITIONAL DISCOVERY**

**Introduction**

Hild's renewed motion seeks to completely reopen discovery and suggests a scope that would be irrelevant to the point of abusive, even if timely. In support, Hild submits over 900 pages of unintelligible, disorganized documents with the assertion that somewhere in those pages (mostly his own pleadings and discovery requests from other actions), there is proof of a conspiracy against him that he has just discovered. Presumably, he seeks to have Flagstar and the Court hunt for

1

something important that might be buried among those many pages. He does not identify any specific evidence or provide a timeframe for when he discovered such evidence. Instead, he asks the Court to restart discovery based on rambling narratives and miscellaneous records from unrelated proceedings. Rule 16(b)(4) requires a showing of good cause grounded in diligence, not conjecture and fishing expeditions.

Hild's brief is completely unsupported and violative of all procedural requirements. Apparently drafted in <u>one</u> day, it turns justice on its head. Hild's status as a pro se litigant is not an unlimited license to use discovery as a tool to harass his victim. Hild's renewed motion should be denied.

## Statement of Facts

### A. Procedural posture of this case.

Since October 2024, this case has been inactive and awaiting a trial date. *See* ECF No. 122. Fact discovery closed in December 2023. ECF No. 77. The first time Hild raised any concern regarding discovery was in September 2025; and only because his counsel, Charles Brown, was moving to withdraw. ECF No. 142.

### B. Hild's basis for reopening discovery.

#### 1. Brown's alleged negligence.

In response to Brown's motion, Hild argued that the discovery Brown conducted was deficient because Brown was preoccupied with eldercare duties and

had limited availability. *Id*. Brown's concerns with his availability, though, only arose after the close of discovery, and are thus irrelevant. At the hearing, Brown explained that he did conduct discovery, and he could have taken up to 50 depositions, but he did not believe the discovery Hild wanted was necessary. In his view, the crux of Flagstar's fraud claim was whether it could prove that the valuation Live Well assigned to the bonds was inappropriate, fraudulent, or manufactured.

This Court granted Brown's motion to withdraw and allowed Hild to file a motion for leave to take discovery. ECF No. 146. The Court warned Hild that it did not intend to restart discovery, but would consider particularized discovery needs. The Court ordered Hild to "identify with particularity the discovery he seeks," "explain his need for the discovery," and "explain[] why he should be allowed to take discovery given the procedural posture and stage of this action." *Id*.

Hild filed his motion to reopen discovery on October 10, 2025. ECF No. 149. His motion flatly ignored this Court's directives on scope and placed the blame for lack of discovery on Brown. Hild sought six months of discovery with exploration on broad-ranging issues; provided a laundry list of entities and individuals from which he wanted discovery; and did not explain why discovery should be reopened given the procedural posture of the case. *Id*. Notably, nothing in his motion tied the discovery he sought to the issues of this case. Although generalized, most, if not all,

the sought discovery is about his conviction and from parties who have already been subject to discovery in many other actions.

Although this Court cannot possibly be expected to wade through the 900 pages Hild references, there is interesting information included therein – none of which supports discovery. For example, numerous examples of Hild engaged in the exact same requests for discovery in other proceedings. *See, e.g.* ECF No. 144 at PageID.4869-4890 (Hild's pleadings in the Live Well bankruptcy matter asserting need for discovery and claiming plotting by the SEC and others to "destroy" and "torpedo" Live Well"); *Id.* at PageID.4989 (communications from redacted individuals about Hild 'hiding money' through funneling to Ms. Hild, Ms. Hild's upcoming testimony in the Live Well bankruptcy regarding her "taking possession of the fraudulent gains," Ms. Hild's acceptance of those gains, and "The Hild's trail of misdeeds struck across Richmond with many tenants and contractors, and the African American Community members asserting mistreatment, underpayment, and even fraud.");[1] *Id.* at PageID.5005 (news article about Hild suing his criminal defense attorney) *Id.* at PageID.5038 (June 2025 email from Hild to one Frederick Rosner seeking discovery in Hild's adversary proceedings).

---

[1] It is an interesting side note that Hild moved the money from his fraud into joint name with his wife and then into real estate, the fallout of which in Richmond, Virginia is unpaid contractors, landlords, apartments, and half-completed eyesores.

At the hearing, this Court denied Hild's motion without prejudice because Hild failed to brief the issue of good cause under Rule 16(b)(4). ECF No. 162. The Court explained that it found Sixth Circuit case law holding that lack of diligence by a lawyer does not rise to the level of good cause, and did not want to rule on Hild's motion without that issue being "fully developed." *Id.* at PageID.6057-6059. The Court stated that it would "give [Hild] another chance to file, where [he] actually deal[s] with these cases and ha[s] an opportunity to show [the Court] -- if [he] believe[s] the law is to the contrary, show [the Court] that an attorney's abandonment, in [Hild's] view, or dropping the ball can constitute good cause." *Id.* at PageID.6059; *see also Id.* at PageID.6060 (instructing Hild to "really address this critical point and apply the five-factor test from the *Bentkowski* case, but really focusing on the lawyer issue as well."). The Court also instructed Hild to carefully consider the discovery sought.

Hild expressed concerns that he would not be able to file a renewed motion within 30 days and requested a 45-day deadline. He filed this renewed motion one day later. ECF No. 161.

### 2. Alleged newly revealed evidence.

Despite the Court's clear instructions, Hild's renewed motion abandons the prior basis of his motion ('it's all Mr. Brown's fault'), takes advantage of the opportunity to file a renewed motion, and argues that discovery should be reopened

5

because of 'newly revealed evidence' one presumes that would to support his defense. Hild stuffs the record with disorganized, random pleadings, and page after page of his 900 pages informs neither the timing of its discovery, its status as "evidence" (there is totally nothing included that might be evidence of anything), and most importantly, its relevance to this matter. Hild's description of his support provides no insight at all other than to suggest (only generally) his narcissistic fantasy that various entities and individuals, including the SEC, Southern District of New York, Dan Foster, Bloomberg, and more, engaged in a coverup to conceal evidence related to Live Well's price fixing. ECF No. 161, citing ECF No. 144 at PageID.4657, ¶14.

Hild says that he recently obtained this evidence and raises several arguments regarding the sufficiency and credibility of witnesses and other evidence from his criminal trial. *Id.* He claims that this new evidence "profoundly and fundamentally changes the facts and chronology" of this case as well as his Delaware case and his criminal case. *Id.* Hild said that he "would essentially have to begin afresh" in discovery because he assumed that Brown "had not done nearly any of the necessary work pertaining to discovery." ECF No. 144 at PageID.4655. None of these assertions are meaningfully supported with reference to his data dump.

## C. The scope of the discovery Hild seeks.

Despite the Court's multiple warnings to Hild about the excessive breadth of his discovery requests and instructions to streamline them, Hild's renewed motion seeks substantially the same discovery previously requested. Hild merely repackages his prior motion and proposes a two-tier discovery plan that would still effectively restart the case.

"Tier One" encompasses broad categories and lists 14 individuals and entities from which he needs discovery.[2] That list includes third-party pricing vendors, SEC personnel, Flagstar executives, and parties to his criminal and bankruptcy cases. "Tier Two" lists 23 individuals and entities from which me may need discovery. Though his renewed motion does not contemplate a timeframe for discovery, his prior motion explained that he would need six months of discovery with the potential for extension.

---

[2] In an attempt to have the Court perceive his requests as narrow, Hild lists multiple individuals and entities as one "target" for discovery. For example, "Tier One," lists "Christopher Krupa and IDC/ICE" as one target, "Lawrence Mattera and Bloomberg" as another, and "Securities and Exchange Commission personnel, including Greg Smolar, Reid Muoio, Jeffrey Leisure, and Jay Clayton" as another target. ECF No. 161 at PageID.5860. Hild then says that the "Tier One" targets are directed only to "the seven categories" described. *Id.* at PageID.5862. But those "categories" include subcategories and multiple individuals.

## Argument

### I.   Hild cannot show good cause for reopening discovery.

#### A. Hild has waived any argument that attorney neglect constitutes good cause.

Hild's renewed motion should be denied at the outset because he fails to address, despite the Court's express instruction, whether attorney neglect can constitute good cause under Rule 16(b)(4). This Court made clear that it was only denying Hild's motion to reopen discovery without prejudice to allow Hild an opportunity to respond to Sixth Circuit authority holding that attorney neglect is not sufficient to reopen discovery.

Hild flatly rejected that directive. His renewed motion does not cite, distinguish, or even acknowledge the case law this Court identified, thus waiving the argument. *See Walker v. United States*, 134 F.4th 437, 442 (6th Cir. 2025); *see also McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997). His renewed motion should be denied on this basis alone.

#### B. Hild's "newly revealed evidence" theory does not demonstrate good cause.

Unable to rely on attorney neglect, Hild shifts to a new theory that discovery should be reopened because of newly revealed evidence. Federal Rule of Civil Procedure 16(b)(4) provides that the court may modify a scheduling order for good cause. To show good cause, the moving party must demonstrate that he diligently

8

attempted to meet the original deadline. *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003).

The Court of Appeals will only intervene in a district court's decision to limit discovery "if it was an abuse of discretion resulting in substantial prejudice." *Wayne v. Vill. of Sebring*, 36 F.3d 517, 530 (6th Cir. 1994) (citation and quotation marks omitted). The five factors considered in deciding whether a district court abused its discretion include: "(1) when the moving party learned of the issue that is the subject of discovery; (2) how the discovery would affect the ruling below; (3) the length of the discovery period; (4) whether the moving party was dilatory; and (5) whether the adverse party was responsive to … discovery requests." *Bentkowski v. Scene Magazine*, 637 F.3d 689, 696 (6th Cir. 2011) (citation and quotation marks omitted). *Bentkowski* emphasizes again that the central question on these overlapping factors is whether the moving party was diligent in pursuing discovery. *Id.*

To the extent an effort to address these factors can be gleaned from Hild's motion (and doing so takes significant imagination), the factors do not weigh in favor of reopening discovery based on newly revealed evidence. As to the first factor, Hild does not address the timing of when he learned of the information that he claims warrant additional discovery, or when he received the records. Hild attaches a declaration in support of his motion which purportedly addresses these issues, but does not. The declaration merely restates Hild's assertion that since the close of

9

discovery, additional evidence surfaced that was unavailable to him during the original discovery period. Likewise, his 900-page exhibit fails to identify a recent found date. Hild only vaguely says that he 'recently learned' of the evidence and that the evidence is 'newly revealed.'[3]

Regarding the second factor, Hild does not identify the key evidence with any specificity, which makes it virtually impossible to discern how it would affect any ruling on Flagstar's claims. Hild simply directs the Court to over 900 pages of records attached in his response to Brown's motion to withdraw, many of which are unintelligible, disorganized, and duplicative. *See* ECF No. 144.

As best as Flagstar can discern, these records include Hild's pleadings from other cases, public filings, exhibits from Hild's criminal case, and email chains involving people who have no apparent connection to Flagstar's claims. Hild does not explain which records constitute new evidence, what they show, or why it matters. It is not the Court's job to cull through these hundreds of pages to find the relevant records supporting Hild's position. *InterRoyal Corp. v. Sponseller*, 889 F.2d

---

[3] To the extent it is found that Hild was aware of the factual bases of this new discovery, or that any of the information was available to him before the close of discovery, good cause does not exist. *See Commerce Benefits Grp., Inc. v. McKesson Corp.*, 326 Fed. Appx. 369, 376 (6th Cir. 2009) (holding that the plaintiff did not demonstrate good cause where "the factual basis for the new claims existed at the beginning of the lawsuit"); *Leary v. Daeschner*, 349 F.3d 888, 908 (6th Cir. 2003) (observing that the plaintiffs did not demonstrate good cause where they offered no excuse for their delay in seeking monetary damages, but were "obviously aware of the basis of the claim for many months").

108, 111 (6th Cir. 1989) ("A district court is not ... obligated to wade through and search the entire record for some specific facts that might support" a claim.); *Browder v. Ankrom*, 473 Fed. Appx. 499, 500 (6th Cir. 2012) ("[W]e are not required to scour the record for potential arguments on [a party's] behalf."). Absent a showing of relevance, Hild's request amounts to nothing more than a fishing expedition.

Regarding the third and fourth factors, Hild had 12 months for fact discovery and even longer for expert discovery. *See* ECF No. 77. He never once asserted difficulty with meeting discovery deadlines during that time. Years later, while awaiting a trial date, he asserted for the first time a need for additional discovery. Even accepting his claim that the evidence is newly revealed, mere existence of new information is not enough to establish good cause under Rule 16(b)(4).

To constitute "newly discovered evidence," the evidence must have been previously unavailable. *Gencorp, Inc. v. American Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999). To justify modify the scheduling order under Rule 16(b)(4) based on such evidence, the moving party must have acted promptly upon learning of it. *See Roberts v. City of Flint*, 2007 U.S. Dist. LEXIS 71256, at *5-7 (E.D. Mich. Sept. 26, 2007); *Innovation Ventures v. Custom Nutrition Labs.*, No. 12-13850, 2016 LX 37892, at *6-7 (E.D. Mich. Jan. 25, 2016); *Gardner v. Wayne Cty.*, No. 06-CV-10372-DT, 2007 U.S. Dist. LEXIS 59603, 2007 WL 2325065, at *3 (E.D. Mich. Aug. 15, 2007).

In *Roberts*, the District Court rejected a post-discovery motion to amend the complaint based on "newly-discovered evidence" revealed at depositions. The District Court held that even assuming the evidence was new, the plaintiff failed to show good cause because he waited more than one month after learning of the information to seek amendment. *Roberts supra* at *7. The District Court reached the same conclusion in *Gardner*, where the plaintiff waited 56 days after the relevant deposition before moving to amend. *Gardner supra* at *6-7.

In *Innovation Ventures*, the District Court likewise denied a post-discovery motion to amend, holding that there was no good cause where the plaintiff had been aware of the potential significance of third-party information for months and delayed in seeking amendment. *Innovation Ventures supra* at *7-9. The District Court added that "Rule 16 is designed to ensure that at some point both the parties and the pleadings will be fixed," and belated reliance on new information does not constitute good cause. *Id*. at *9 (citations and quotations omitted).

Unlike the plaintiffs in *Roberts*, *Gardner*, and *Innovation Ventures*, Hild does not identify specific evidence, state when he learned of it, or explain why the evidence could not have been obtained earlier through diligence. Even accepting Hild's claim that he "recently" learned of the evidence, he did not act promptly to seek relief. Instead, he waited years after discovery closed and long after summary-judgment proceedings, and far exceeded the delays of the plaintiffs in

*Roberts*, *Gardner*, and *Innovation Ventures*. The third and fourth *Bentkowski* factors therefore weigh against him. The fifth factor also cuts against Hild because Flagstar was responsive to his discovery requests, including producing a corporate representative for deposition.

Taken together, the *Bentkowski* factors confirm that Hild was not diligent in pursuing discovery and therefore cannot establish good cause to reopen discovery under Rule 16(b)(4). Rule 16 does not permit modification of a scheduling order based on a belated assessment of information that could have been pursued earlier, nor does it allow discovery to be reopened simply because a party now wishes to explore new theories. Consistent with *Roberts*, *Gardner*, and *Innovation Ventures*, Hild's failure to act promptly and his reliance on vague, unspecified materials demonstrates a lack of diligence that requires denial of his motion.

## II.   Reopening discovery would functionally restart this case and significantly prejudice Flagstar.

If this Court determines that Hild proceeded diligently, it should then consider the extent of prejudice to Flagstar and any other "additional reasons to deny [the] motion." *Smith v. Holston Med. Grp., P.C.*, 595 F. App'x 474, 479 (6th Cir. 2014) (citation omitted); *see also Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) ("The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the scheduling order's requirements, but

13

courts also consider possible prejudice to the party opposing the modification.") (citation and quotation marks omitted).

Although labeled a "renewed" motion, the scope of Hild's discovery requests is not meaningfully different from his prior motion. Hild merely repackages the discovery sought in his original motion, divides the discovery into tiers, and claims to prioritize requests. Granting leave to conduct any of his proposed discovery would functionally restart this case.

At the hearing on Hild's motion for leave, Hild stated that he has "had to file excess of 250 pro se filings between a dozen cases that [he is] involved in, or somewhere thereabouts." ECF No. 162 at PageID.6061. If true, Hild's statement underscores his pattern of serial litigation and his attempts to unnecessarily disrupt and complicate this case by requesting discovery on issues that are irrelevant to Flagstar's claims. And Hild's involvement in "a dozen cases" is not incidental. Hild was criminally convicted for leading a multi-million-dollar defrauding scheme. To this day, Hild refuses to accept liability, and continues to relitigate the same issues across multiple forums and pursue collateral attacks on his criminal judgment.

Most recently, in December 2025, Hild filed a new lawsuit in the United States District Court for the Eastern District of Virginia against Flagstar, Live Well's other lender victims, and ex-Live Well executives. **Exhibit A**, Complaint in *Hild v Foster et al*, No. 3:25-cv-1050 (E.D. Va. Dec. 23, 2025) **Exhibit B**, Amended Complaint

14

in *Hild v Foster et al*, No. 3:25-cv-1050 (E.D. Va. Feb. 2, 2026). In that case, Hild alleges that he is the victim of a conspiracy and attempts to recharacterize the victims of his criminal fraud as the real villains.[4]

This context regarding Hild's other lawsuits matters because it shows his disregard for the expeditious and final resolution of Flagstar's claims. Such finality is important and needed. Reopening discovery here would impose substantial and unjustified burdens on Flagstar, requiring extensive third-party discovery, and force the parties to address irrelevant issues concerning Hild's criminal, bankruptcy, and other civil proceedings. It would also delay trial in a case that has been pending for more than six years and is otherwise postured for final resolution. The discovery deadline passed many years ago, this Court has decided Flagstar's motion for summary judgment, and this case is awaiting a trial date. Reopening discovery at this stage would result in substantial prejudice to Flagstar. *See George H. Rudy Funeral Home, Inc. v. Westfield Nat'l Ins. Co.*, No. 22-11855, 2023 U.S. Dist.

---

[4] Hild's amended complaint alleges claims of Virginia Business Conspiracy, Common Law Conspiracy, Tortious Interference with Contract, Tortious Interference with Business Expectancy, Aiding and Abetting, and Unjust Enrichment. Hild accuses his former executives of supplying manipulated pricing for Live Well securities and blames third-party pricing servicers and lenders for relying on that pricing to issue margin calls, declare defaults, and accelerate loan obligations. Flagstar has moved to dismiss the amended complaint on several grounds, including standing, statute of limitations, and failure to state a claim. **Exhibit C**, Flagstar's Motion to Dismiss Amended Complaint in *Hild v Foster et al*, No. 3:25-cv-1050 (E.D. Va. Feb. 23, 2026).

LEXIS 212287, at \*2-4 (E.D. Mich. Nov. 29, 2023) ("Reopening discovery after a defendant has filed a motion for summary judgment nearly always presents a case for finding prejudice.") (citing cases); *Leary v. Daeschner*, 349 F.3d 888, 892 (6th Cir. 2003) ("Defendant would suffer prejudice by allowing this amendment which would require the reopening of discovery at this late stage of the proceedings.").

This Court has exercised great patience, provided clear guidance, and expressly warned Hild against overbreadth. Granting this motion would undermine Rule 16, severely prejudice Flagstar, and encourage Hild's serial litigation tactics.

### III.   Rule 56(d) does not provide basis for reopening discovery.

Hild's alternative reliance on Rule 56(d) is misplaced. Rule 56(d) applies in the context of summary judgment and outlines a procedure for when a nonmoving party believes discovery is necessary to defend against the motion. The Rule permits a court to allow additional discovery "if a nonmovant shows by affidavit or declaration that … it cannot present facts essential to justify its opposition" to summary judgment. Fed. R. Civ. P. 56(d). There is no pending summary judgment motion before the Court, so Rule 56(d) does not apply.

### Conclusion

For the foregoing reasons, Flagstar respectfully requests that the Court deny Hild's renewed motion to reopen discovery.

Respectfully submitted,

BODMAN PLC

By: */s/ Joseph J. Shannon*

     Joseph J. Shannon (P38041)
     Fawzeih H. Daher (P82995)
     6th Floor at Ford Field
     1901 St. Antoine St.
     Detroit, MI 48226
     Attorneys for Plaintiff
     jshannon@bodmanlaw.com

Dated: May 12, 2025     fdaher@bodmanlaw.com

17

## CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2026, the foregoing was electronically filed with the Clerk of the Court which will give notice of such filing to all parties of record and service upon the following via first class mail and email at:

Charles Darren Stumberger
5400 Broken Sound Blvd
Boca Raton, FL 33486
cdjs2013@gmail.com

Michael C. Hild
2302 E Marshall Street
Richmond, VA 23223
michaelchristopherhild@gmail.com

By: */s/ Joseph J. Shannon*
    Joseph J. Shannon (P38041)
    Attorney for Plaintiff

18