**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

FLAGSTAR BANK, FSB,
Plaintiff,

v.                                                          Case No. 19-cv-11512

MICHAEL C. HILD, et al.,                                    Hon. Matthew F. Leitman
Defendants.

---

**DEFENDANT MICHAEL C. HILD'S REPLY IN SUPPORT OF RENEWED MOTION
TO REOPEN LIMITED DISCOVERY**

---

Defendant Michael C. Hild, pro se, respectfully submits this Reply in further support of

Defendant's Renewed Motion to Reopen Limited Discovery Pursuant to Rule 16(b)(4).

Flagstar's opposition attempts to recast the renewed motion as an untimely effort to restart broad

discovery based solely upon attorney neglect and speculative theories. That characterization

materially misstates both the procedural history and the substance of the renewed motion.

Flagstar's opposition repeatedly attempts to reduce years of disputed evidence, valuation

irregularities, newly surfaced documents, witness credibility issues, and causation disputes into

overly simplified characterizations so the Court never meaningfully reaches the underlying

evidence itself. But the factual record is not complicated because Defendant made it

complicated. The record is complicated because the underlying events were complicated,

because critical evidence surfaced only after the original discovery period, and because

Defendant has spent years attempting to obtain evidence through FOIA requests, subpoenas,

companion proceedings, and motions practice.

1

The renewed motion principally seeks limited reopening of discovery under Rule 16(b)(4) based upon good cause arising from: (1) newly surfaced evidence that was unavailable during the original discovery period; (2) substantial overlap between that evidence and core disputed merits issues already litigated during prior summary judgment proceedings; (3) Defendant's diligence in pursuing relief after the evidence surfaced; (4) the narrowly tailored and phased nature of the requested discovery; and (5) the absence of unfair prejudice to Plaintiff.

Although the renewed motion referenced Rule 56(d), Defendant did so because Plaintiff has already filed multiple overlapping summary judgment motions concerning many of the same valuation, causation, and damages issues implicated by the requested discovery, and because those same issues are likely to arise again in future dispositive proceedings. Defendant does not contend that relief depends exclusively upon a presently pending Rule 56 motion. Rather, the operative basis for reopening discovery is Rule 16(b)(4)'s good-cause standard, consistent with the framework identified by the Court in its prior ruling and the factors discussed in *Bentkowski v. Scene Magazine*, 637 F.3d 689 (6th Cir. 2011).

## I. DEFENDANT SATISFIES THE RULE 16(b)(4) GOOD-CAUSE STANDARD FOR REOPENING LIMITED DISCOVERY

Courts evaluating whether to reopen discovery under Rule 16(b)(4) commonly consider factors including:

- when the evidence surfaced;
- whether the moving party acted diligently;
- whether the requested discovery is material;
- whether the discovery could previously have been obtained;

2

- the scope of the requested discovery; and

- prejudice to the opposing party.

Those factors favor reopening limited discovery here.

Applying the factors discussed in *Bentkowski v. Scene Magazine*, 637 F.3d 689 (6th Cir. 2011), good cause exists here because:

(1) the pricing, valuation, and tax-concealment evidence surfaced only after the original discovery period closed and therefore could not reasonably have been obtained during that period despite Defendant's efforts;

(2) Defendant acted diligently by raising these issues in ECF No. 144, complying with the Court's directive to file formal reopening motions, and promptly filing both the original and renewed motions following the Court's rulings;

(3) the requested discovery is directly material to disputed issues of valuation, causation, damages, insolvency-related issues, and witness credibility already central to this litigation;

(4) the renewed motion seeks narrowly tailored and phased discovery directed to specifically identified evidentiary categories rather than unrestricted reopening; and

(5) reopening limited discovery will not impose unfair prejudice where no trial date has been set, Plaintiff previously pursued overlapping summary judgment proceedings concerning many of these same issues, and the renewed motion seeks targeted rather than wholesale discovery.

**A. THE REQUESTED DISCOVERY IS BASED UPON NEWLY SURFACED EVIDENCE THAT WAS UNAVAILABLE DURING THE ORIGINAL DISCOVERY PERIOD**

3

Flagstar incorrectly suggests Defendant invented new theories only after the Court denied the original motion without prejudice. The record directly contradicts that assertion.

Defendant previously identified the pricing and valuation evidence in ECF No. 144, ¶ 14, including evidence relating to Dan Foster, IDC/ICE, Bloomberg, SEC interactions, pricing conduct, and related valuation issues, and attached the related Delaware Companion Case filings as Exhibit E (subdivided as Exhibits E1–E6).

The renewed motion expressly references and incorporates that earlier showing, while reprioritizing and narrowing the requested discovery around that previously identified evidence.

Additionally, the tax-concealment and liquidity-management evidence reflected in Exhibits A and B arising from the related Virginia proceedings surfaced only after the original discovery period and materially bears on disputed causation, insolvency, damages, liquidity-management conduct, and related defenses.

Accordingly, the renewed motion does not advance newly manufactured theories, but instead narrows and prioritizes evidentiary issues already documented extensively in ECF No. 144, including Exhibit E and its subparts. The renewed motion seeks targeted discovery arising from evidence that surfaced after the original discovery period and materially bears on central disputed issues in this litigation.

## B. DEFENDANT ACTED DILIGENTLY IN SEEKING RELIEF

Flagstar repeatedly attempts to characterize Defendant as dilatory while ignoring the actual procedural timeline.

4

Defendant raised the discovery issues months ago through ECF No. 144, after which the Court instructed Defendant to file a formal motion to reopen discovery. Defendant complied, filed the original motion, filed a supporting reply, and then promptly filed the renewed motion following the Court's April 27, 2026 ruling denying relief without prejudice.

Moreover, the evidence at issue was not obtained through inactivity. During the criminal proceedings, defense counsel failed to pursue meaningful Rule 17(c) document subpoenas or comparable documentary investigation concerning Bloomberg contributor methodology, Foster's pricing role, or related valuation evidence. Those failures occurred in the context of broader attorney-abandonment and misconduct issues later reflected in counsel's suspension proceedings and related findings referenced in ECF No. 144. The resulting evidentiary record was instead developed only through years of post-trial effort by Defendant involving FOIA requests, subpoenas, companion litigation, regulatory materials, motions practice, and related proceedings, often in the face of substantial resistance, delayed production, non-party obstruction, and ongoing disputes concerning access to relevant materials, including disputes involving SEC-related records and subpoena enforcement.

The procedural delays emphasized by Flagstar therefore cannot fairly be attributed solely to Defendant where Defendant previously raised these discovery issues through ECF No. 144 (submitted September 10, 2025), pursued relief throughout, complied with the Court's instruction to file both the original and renewed motions, and promptly filed the renewed motion immediately following the Court's April 27, 2026 ruling.

## C. THE REQUESTED DISCOVERY IS NARROWLY TAILORED

Flagstar repeatedly characterizes the renewed motion as an attempt to reopen unlimited

discovery. That is incorrect.

The renewed motion:

- prioritizes two principal evidentiary categories;

- structures discovery into Tier One and Tier Two phases;

- limits Tier Two discovery to discovery justified following substantial completion of Tier One;

- seeks targeted document discovery and depositions rather than wholesale reopening;

- and incorporates prior witness-specific descriptions only insofar as consistent with the narrowed phased structure now proposed.

The renewed motion was specifically drafted to address the Court's instruction that any renewed request be narrower, prioritized, and more tailored.

Moreover, Defendant has repeatedly identified with substantial particularity the witnesses, subject matters, document categories, and defenses implicated by the requested discovery, including how the requested discovery bears on specific disputed issues central to this litigation. The renewed motion identifies the relevant witness and entity categories, the subject matters for the requested discovery, and the defenses to which the discovery bears, including causation, valuation methodology, falsity, damages, comparative fault, superseding causes, mitigation-related issues, scienter-related defenses, impeachment, and witness credibility.

## D. THE REQUESTED DISCOVERY IS MATERIAL TO CENTRAL DISPUTED ISSUES

The requested discovery bears directly on disputed merits issues already central to this litigation, including:

- bond valuation methodology;

- pricing inputs and quote submissions;

- alleged inflation;

- causation;

- liquidity-management conduct;

- asserted insolvency drivers;

- damages;

- mitigation;

- impeachment;

- witness credibility; and

- the role of third-party conduct in the alleged losses.

This is not collateral discovery and is not a fishing expedition.

Plaintiff repeatedly characterizes the evidentiary record itself as too broad or too complicated to justify further inquiry, but Defendant cannot simplify the truth into something easier or more convenient for Plaintiff.

The requested discovery instead concerns the core factual theories underlying Plaintiff's claims and Defendant's defenses, including issues previously implicated during Plaintiff's prior summary judgment efforts.

That overlap is precisely why the renewed motion referenced Rule 56(d). Plaintiff has already pursued dispositive motion practice concerning many of these same issues, and future dispositive proceedings are likely to involve those same disputed factual questions again.

7

Defendant referenced Rule 56(d) not because relief depends upon a presently pending summary judgment motion, but because the requested discovery materially overlaps with disputed issues previously raised during Plaintiff's prior summary judgment efforts and likely to arise again in future dispositive proceedings.

## E. REOPENING LIMITED DISCOVERY WILL NOT UNFAIRLY PREJUDICE PLAINTIFF

Flagstar primarily relies upon the passage of time. But the relevant procedural history substantially undermines Plaintiff's prejudice argument.

No trial date currently exists. Plaintiff's prior summary judgment efforts against Defendant have already been denied without prejudice. Defendant previously raised these discovery issues through ECF No. 144. The Court expressly invited a renewed motion. And the renewed motion seeks phased, targeted discovery rather than unrestricted reopening.

Moreover, Plaintiff cannot reasonably claim unfair surprise regarding the underlying subject matter because Defendant previously identified the pricing, valuation, causation, and related evidentiary issues already reflected in the docket.

Under these circumstances, reopening limited and phased discovery will not impose the sort of unfair prejudice necessary to defeat Rule 16(b)(4) good cause.

## II. DEFENDANT DID NOT WAIVE THE ATTORNEY-ABANDONMENT ISSUE

Flagstar also incorrectly asserts that Defendant "waived" the attorney-abandonment issue.

That is inaccurate.

8

The renewed motion expressly distinguished ordinary attorney neglect from the circumstances reflected in ECF No. 144, including allegations concerning abandonment and affirmative misrepresentations regarding discovery-related matters.

The renewed motion further acknowledged that even assuming attorney abandonment alone were insufficient, reopening remained independently warranted based upon newly surfaced evidence materially bearing on valuation, causation, damages, impeachment, and related defenses.

Thus, Defendant did not abandon the issue. Defendant instead narrowed and reframed the request consistent with the Court's guidance while independently demonstrating good cause for reopening limited discovery.

## III. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant Defendant's Renewed Motion to Reopen Limited Discovery Pursuant to Rule 16(b)(4), together with such related relief as the Court deems appropriate concerning future dispositive proceedings and discovery necessary to address the disputed issues identified above.

DATED: May 13, 2026

Respectfully submitted,

Michael C. Hild, pro se
2302 E. Marshall Street
Richmond, VA 23223
michaelchristopherhild@gmail.com
804.306.4314

9

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2026, a true copy of the foregoing was served via email to Mr.

Joseph Shannon and Mr. Darren Stumberger and via the Court's pro se upload system.

_Michael C. Hild_

Michael C. Hild

Pro Se Defendant

2302 E Marshall Street

Richmond, VA 23223

804.306.4314