UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| FLAGSTAR BANK, FSB, a Federally Chartered Savings Bank, | Case No. 2:19-cv-11512 Hon. Matthew F. Leitman |
| Plaintiff, | |
| v. | |
| LIVE WELL FINANCIAL, INC., a Delaware corporation, MICHAEL C. HILD, an individual, ERIC ROHR, an individual, and CHARLES DARREN STUMBERGER, an individual, | |
| Defendants, | |
| And | |
| THE UNITED STATES OF AMERICA, | |
| Intervenor. | |

**MOTION FOR ENTRY OF JUDGMENT AGAINST
DEFENDANT CHARLES DARREN STUMBERGER**

Plaintiff Flagstar Bank, FSB ("Flagstar"), through its counsel, files this motion for entry of judgment against defendant Charles Darren Stumberger ("Stumberger") under Fed. R. Civ. P. 58 and states as follows:

1.      In November 2019, Flagstar filed this action against Michael C. Hild ("Hild") and Stumberger for their respective roles in Live Well Financial, Inc.'s ("Live Well") scheme of defrauding lenders, including Flagstar, by falsely inflating

1

the value of bonds serving as collateral and thus the borrowing base for Flagstar's loans to Live Well.

2. As to Stumberger, Flagstar alleged claims of Fraud (Count III), Negligent Misrepresentation (Count IV), Conspiracy (Count V), and Silent Fraud (Count VI). ECF No. 15.

3. On September 24, 2025, Flagstar moved for summary judgment against Stumberger arguing that (1) Stumberger's testimony under oath in his criminal matter establishes the material facts and elements of Flagstar's claims, and (2) collateral estoppel prevents Stumberger from denying liability for the same facts that he admitted legal and factual guilt to. ECF No. 145.

4. On April 27, 2026, the Court conducted a hearing on Flagstar's motion and entered an order granting the motion on liability with respect to Conspiracy and denying without prejudice as to the remaining claims of Fraud, Negligent Misrepresentation, and Silent Fraud. ECF No. 159.

5. In the interest of finality and preserving the Court's time and resources, Flagstar will forego its remaining claims upon entry of judgment, and moves for entry of judgment as to its Conspiracy claim in Count V of its complaint.

6. Rule 58 provides that every judgment must be set out in a separate document. While the Rule has exceptions, none are for orders on motions for summary judgment. *See Perry v. Sheet Metal Workers' Local No. 73 Pension*

2

*Fund*, 585 F.3d 358, 361 (7th Cir. 2009) (noting that Rule 58's separate-document requirement applies to summary-judgment rulings because they are not among the listed exceptions).

7.      As the Court is aware, in September 2024, the United States District Court for the Southern District of New York in *United States of America v Michael Hild*, S.D.N.Y. Case No. 1:19-cr-00602-RA entered an order establishing the restitution amount owed to Flagstar as a result of the defrauding scheme.[1] *See Al-Adily v. Garland*, 63 F.4th 1065, 1069 (6th Cir. 2023) (restitution orders can be sufficient evidence of loss to the victim in certain cases); *Pilla v. Holder*, 458 F. App'x 518, 521 (6th Cir. 2012) (holding that sentencing stipulation and restitution order constituted clear and convincing evidence of victim's loss).

8.      The 27-page order summarized the jury's findings in convicting Hild and detailed the Court's process for analyzing and determining the amount of restitution. That process included several rounds of briefing, updated submissions from the Government and the victim lenders, an evidentiary hearing lasting approximately four hours, supplementary filings and calculations, and revised billing records.

---

[1] **Exhibit A,** September 23, 2024 Opinion and Order (*United States of America v Michael Hild*, S.D.N.Y. Case No. 1:19-cr-00602-RA) at pg. 24.

9. As proof of its damages, Flagstar submitted affidavits from Robert Marsh, Senior Vice President and Senior Credit Officer at Flagstar.[2] These affidavits provide an independent proof of damages and corroborate the amounts reflected in the restitution order.

10. The Court ultimately ordered Hild to pay a total of $45,715,100.72 in restitution, which it found to be "a reasonable approximation of losses supported by a sound methodology."[3] $13,364,357.00 of that amount is owed to Flagstar.[4] The order holds Stumberger jointly and severally liable for the restitution.[5]

11. In this case, Flagstar also seeks a joint-and-several judgment against Hild and Stumberger for the same amounts. Courts may hold defendants from multiple prosecutions in known companion cases liable for the same restitution obligation. *See United States v. Eggleston*, 823 F.App'x 340, 346-47 (6th Cir. 2020) (affirming the district court's application of joint-and-several liability among defendants in separate cases based on their participation in the same Medicare kickback scheme); *United States v. Williams*, 612 F.3d 500, 513 (6th Cir. 2010) (affirming the district court's restitution order apportioning liability among multiple defendants in a healthcare fraud); *United States v. Bogart*, 576 F.3d 565, 576 (6th

---

[2] **Exhibit B,** October 30, 2023 Affidavit of Robert Marsh; **Exhibit C**, December 29, 2023 Affidavit of Robert Marsh.
[3] Ex. A at pg. 23 (quotation marks and citation omitted).
[4] *Id*. at pg. 24.
[5] *Id*. at pg. 25.

Cir. 2009) (holding that the district court did not abuse its discretion in imposing liability jointly and severally for the total amount of restitution on multiple defendants convicted of conspiracy to commit fraud).

12.     Because this Court has found Stumberger liable under Conspiracy, and the restitution order establishes the amount of damage to Flagstar against Stumberger, Flagstar requests entry of judgment consistent with that order.

13.     Flagstar respectfully requests that the Court enter a judgment in its favor and against Stumberger in the amount of $13,364,357.00, plus pre-judgment interest under MCL 600.6013(1) and (8) in the amount of $3,430,003.86 (and continuing until the date of judgment),[6] plus post-judgment interest under 28 U.S.C. § 1961 until the judgment is satisfied.

For the foregoing reasons, Flagstar respectfully requests that the Court grant this motion and enter the proposed order of judgment against Stumberger attached as **Exhibit E**.

---

[6] See **Exhibit D**, Michigan Statutory Prejudgment Interest Calculation.

5

Respectfully submitted,

BODMAN PLC

By: */s/ Joseph J. Shannon*
Joseph J. Shannon (P38041)
Fawzeih H. Daher (P82995)
6th Floor at Ford Field
1901 St. Antoine St.
Detroit, MI 48226
Attorneys for Plaintiff
jshannon@bodmanlaw.com
Dated: May 27, 2026                              fdaher@bodmanlaw.com

6

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

FLAGSTAR BANK, FSB, a Federally
Chartered Savings Bank,

   Plaintiff,

v.

LIVE WELL FINANCIAL, INC., a
Delaware corporation, MICHAEL C.
HILD, an individual, ERIC ROHR, an
individual, and CHARLES DARREN
STUMBERGER, an individual,

   Defendants,

And

THE UNITED STATES OF AMERICA,

   Intervenor.

Case No. 2:19-cv-11512
Hon. Matthew F. Leitman

---

**BRIEF IN SUPPORT OF MOTION FOR ENTRY OF JUDGMENT
AGAINST DEFENDANT CHARLES DARREN STUMBERGER**

In support of its motion for entry of judgment against defendant Charles

Darren Stumberger, plaintiff Flagstar Bank, FSB relies on Fed. R. Civ. P. 58 and

the facts and law set forth in the accompanying motion.

Respectfully submitted,

BODMAN PLC

By: */s/ Joseph J. Shannon*

Joseph J. Shannon (P38041)
Fawzeih H. Daher (P82995)
6th Floor at Ford Field
1901 St. Antoine St.
Detroit, MI 48226
Attorneys for Plaintiff
jshannon@bodmanlaw.com
fdaher@bodmanlaw.com

Dated: May 27, 2026

2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 27, 2026, the foregoing was electronically filed with the Clerk of the Court which will give notice of such filing to all parties of record and service upon the following via first class mail and email at:

Charles Darren Stumberger
118 Chestnut Street #407
Red Bank, NJ 07701
cdjs2013@gmail.com

Michael C. Hild
2302 E. Marshall Street
Richmond, VA 23223
michaelchristopherhild@gmail.com

By: */s/ Joseph J. Shannon*
Joseph J. Shannon (P38041)
Attorney for Plaintiff