UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

FLAGSTAR BANK, FSB, a Federally
Chartered Savings Bank,

       Plaintiff,

v.

LIVE WELL FINANCIAL, INC., a
Delaware corporation, MICHAEL C.
HILD, an individual, ERIC ROHR, an
individual, and CHARLES DARREN
STUMBERGER, an individual,

       Defendants,

And

THE UNITED STATES OF AMERICA,

       Intervenor.

Case No. 2:19-cv-11512
Hon. Matthew F. Leitman

---

**REPLY BRIEF IN SUPPORT OF MOTION FOR ENTRY OF JUDGMENT
AGAINST DEFENDANT CHARLES DARREN STUMBERGER**

Stumberger seems to believe that his defense is tied to Hild's. He thinks that if Hild is successful on his new evidence or new trial theories, and somehow overturns his convictions, he is also absolved of liability. He's wrong.[1] Stumberger's liability rests on his own conduct, his own admissions, his plea, and his conviction. Stumberger admitted under oath that he knowingly submitted inflated valuations, intended lenders to rely on them, and understood they did not reflect market value, but still did it anyway.[2] This judgment is based on those admissions. Darren Stumberger's problem is Darren Stumberger.

### A. Stumberger's unsupported claim that the restitution order is not relevant or dispositive is wrong.

Stumberger's core premise regarding the restitution order is wrong for three reasons. First, Stumberger mischaracterizes the restitution order as against Hild only. The language of the order is explicit as to joint and several liability. The Southern District of New York (SDNY) ordered that "[r]estitution is joint and several with the following defendants in the following cases: *United States v. Eric Rohr*, No. 19-CR-

---

[1] Hild's attempts to overturn his conviction have run their course and failed, at least for now. The Second Circuit Court of Appeals affirmed his conviction, and the United States Supreme Court denied certiorari. His conviction is therefore final. Stumberger's attempt to link his liability to speculative new evidence or potential relief for Hild ignores that there is no further path to disturb Hild's conviction.

[2] Stumberger cannot seem to let go of Rohr's settlement and Foster's cooperation. He forgets that his liability arises from his statements to the FBI, the US Attorney's Office, the SEC, and ultimately, to a federal judge. Stumberger is liable because he engaged in a conspiracy to defraud multiple banks of tens of millions of dollars.

595 and *United States v. Darren Stumberger*, No. 19-CR-608." Ex. A to Flagstar's

Motion at pg. 26. And, that liability continues until the victims are made whole by

any of the responsible defendants. *Id*.

### I. Joint and Several Liability

Restitution is joint and several with the following defendants in the following cases: *United States v. Eric Rohr*, No. 19-CR-595 and *United States v. Darren Stumberger*, No. 19-CR-608. The defendant's liability to pay restitution shall continue unabated until either the defendant has paid the full amount of restitution ordered herein, or every victim noted above has recovered the total amount of each loss from the restitution paid by the defendant and all co-defendants ordered to pay the same victims.

Joint and several liability means each defendant is individually responsible

for the full loss. The Mandatory Victims Restitution Act (MVRA) provides that

when multiple defendants contribute to a victim's loss, the court "may make *each*

*defendant* liable for payment of the *full amount* of restitution or apportion liability

among the defendants…" 18 U.S.C. § 3664(h) (emphasis added). The SDNY chose

joint and several liability. *See United States v. Bogart*, 576 F.3d 565, 576 (6th Cir.

2009) ("while the district court has the option under § 3664(h) to apportion the

restitution payment among defendants, a district court is not required to do so.").

Joint and several liability is warranted if the evidence shows that the

codefendant played a role in the offense. *Id*. at 575. It does not, as Stumberger

suggests, depend on identical participation in the restitution proceeding. This Court

has already held that Stumberger participated in Live Well's conspiracy, resolving

2

the predicate for joint and several liability. Stumberger is therefore answerable for the whole of the restitution award. 18 U.S.C. § 3664(h).

Second, courts routinely rely on restitution orders as evidence of damages. *See Al-Adily v. Garland*, 63 F.4th 1065, 1069 (6th Cir. 2023) (restitution orders can be sufficient evidence of loss to the victim in certain cases); *Pilla v. Holder*, 458 F. App'x 518, 521 (6th Cir. 2012) (holding that sentencing stipulation and restitution order constituted clear and convincing evidence of victim's loss). The SDNY did not guess at damages. It reached a number after full briefing, evidentiary submissions, and a hearing. Stumberger offers no authority that this Court must ignore that determination. Moreover, Flagstar does not rely on the restitution order alone. It submitted sworn affidavits and records. The restitution order confirms those figures after a separate, rigorous review.

Third, Stumberger is mistaken as to the reality of the restitution proceedings. Flagstar did not directly litigate its damages those proceedings. It submitted its claim to the government and was not represented by counsel at the hearing. Nor did the SDNY simply adopt Flagstar's claimed losses. It reduced the amount, awarding only those sums it found recoverable as restitution (although additional sums may be compensable as civil damages).

**B. Stumberger's arguments attacking his criminal conviction are wrong.**

3

Stumberger's arguments attacking his criminal conviction fail for two reasons. First, Stumberger ignores entirely the admissions he made in his criminal case. As part of his judgment, the SDNY ruled that Stumberger would make restitution as ordered under federal law, with the amount to be determined later.[3] At his plea hearing, the Magistrate Judge explained that restitution would be set in whatever amount was necessary to compensate the victims, "[a]nd by pleading guilty, you are agreeing to make restitution in any amount ordered by the Court."[4] Stumberger cannot now disclaim these terms.

Second, Stumberger improperly tries to relitigate liability under the guise of damages. Much his brief attacks causation and mitigation. For example, Stumberger claims that "independent intervening acts" and Flagstar's own acts, like its decision to liquidate and its "failed" auction, caused its loss.[5] These arguments come too late. This Court already granted summary judgment on conspiracy, and that ruling resolved liability, including causation. Stumberger cannot reopen that issue by relabeling it as a damages dispute.

Even considering the argument, Stumberger offers no evidence of a different damages number or competing calculation. He simply parrots Hild's theories that

---

[3] **Exhibit A**, Judgment in a Criminal Case at pgs. 4 and 7.
[4] **Exhibit B**, Plea Hearing Transcript at pg. 19.
[5] Given the page limits, Flagstar cannot respond to every theory Stumberger raises regarding Flagstar's own failures. Many go to liability and are irrelevant.

new evidence should disrupt the entirety of Hild's criminal trial and, apparently, his own plea. Stumberger does not cite a document, witness, or admissible record to support this theory. And even if he did, it would not undo the Court's liability ruling. Stumberger's arguments are instead collateral attacks on the criminal proceedings and irrelevant to the judgment issue before the Court. If Stumberger believes his plea or the criminal proceedings were flawed, he was obligated to raise that issue in the proper forum and at the proper time. He cannot try to leverage those arguments to avoid entry of judgment in this case.

### C. Stumberger fails to present any genuine issue of material fact regarding damages.

Stumberger claims factual disputes about Flagstar's damages, but offers no evidence. He provides no records, no competing valuation, no alternative damages model, and no expert opinion; just his own beliefs – based on his and Hild's conspiracy theories – that Flagstar's damages must be wrong. That is not enough. Speculation about Foster and Bloomberg pricing,[6] unsupported criticism of Black Rock, and conjecture about the auction process does not create a factual dispute. They are arguments without any evidence. Flagstar submitted sworn evidence that

---

[6] Stumberger spends pages speculating about Foster's government involvement and its supposed effect on pricing, but ignores that he, too, chose to cooperate with the government. Stumberger entered into a plea agreement early in his case and agreed to accept responsibility for his role. His attack on the government's reliance on cooperating witnesses is hard to square with his own decision to cooperate.

the SDNY vetted through several written orders and a thorough proceeding. Stumberger asks the Court to set that evidence and the federal court's findings in favor of his own theories. His speculations cannot stall entry of judgment.

### D. Stumberger's due process arguments fail.

Stumberger's due process argument is overstated and misdirected. Flagstar does not argue that the restitution order binds Stumberger through res judicata or claim preclusion. It relies on the order as evidence of damages in a case where Stumberger is a party and has been fully heard. Due process does not bar a court from considering relevant evidence simply because it arose in another proceeding.

Stumberger's cases all address a different issue: when a person is bound by a judgment entered without participation. *See Hansberry v. Lee*, 311 U.S. 32, 37 (1940) (a person cannot be bound by a judgment in a class action when he was neither a party nor adequately represented); *Richards v. Jefferson Cty.*, 517 U.S. 793, 805 (1996) (a prior judgment cannot bind a person that neither received notice of, nor sufficient representation in the prior litigation); *Taylor v. Sturgell*, 553 U.S. 880, 884-85 (2008) (considering whether a lawsuit should be precluded in light of a prior judgment in a case in which the plaintiff was not a party and did not have the opportunity to litigate the claims); *Mathews v. Eldridge*, 424 U.S. 319 (1976) (considering due process criteria of agency procedures authorizing termination of Social Security disability payments without a pretermination hearing).

None of these cases apply because the Court here is not binding Stumberger to a prior judgment as a nonparty; it is considering evidence in a case where he is a party. This Court has already found that Stumberger participated in the conspiracy. The restitution order is evidence of the loss that conspiracy caused. Stumberger has had a full opportunity to respond to Flagstar's claims in this regard and has filed over 30 pages of objections to entry of judgment.[7] That satisfies due process.

Even setting this distinction aside, joint and several liability answers the rest of Stumberger's arguments. 18 U.S.C. § 3664(h) does not require identical participation in every related proceeding. It depends on the liability itself, i.e. participation in the conspiracy. The restitution order simply quantifies the loss caused by that scheme after extensive proceedings.

Stumberger's claims regarding the MVRA are also misplaced. The MVRA governs the relationship between a defendant and the government in a criminal case. It requires disclosure to the defendant and notice to victims. *See* § 3664(b) and (d)(2). It does not control admissibility or proof of damages in this civil action. And it does not require notice to co-conspirators about restitution proceedings in another defendant's case. If Stumberger believes the MVRA was not followed, that is an issue between him and the government, not a defense to Flagstar's motion.

---

[7] Stumberger admits that his own counsel failed to inform him of the restitution proceedings. ECF No. 168 at PageID.6274. So his 'lack of notice' claim is attributable to his own representation, not a defect in the process.

Respectfully submitted,

BODMAN PLC

By: */s/ Joseph J. Shannon*
Joseph J. Shannon (P38041)
Fawzeih H. Daher (P82995)
6th Floor at Ford Field
1901 St. Antoine St.
Detroit, MI 48226
Attorneys for Plaintiff
jshannon@bodmanlaw.com
Dated: June 10, 2026          fdaher@bodmanlaw.com

8

## CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2026, the foregoing was electronically filed with the Clerk of the Court which will give notice of such filing to all parties of record and service upon the following via first class mail and email at:

Charles Darren Stumberger
118 Chestnut Street #407
Red Bank, NJ 07701
cdjs2013@gmail.com

Michael C. Hild
2302 E. Marshall Street
Richmond, VA 23223
michaelchristopherhild@gmail.com

By: */s/ Joseph J. Shannon*
Joseph J. Shannon (P38041)
Attorney for Plaintiff