UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

FLAGSTAR BANK, FSB, a Federally Chartered Savings Bank,

Plaintiff,

v.

LIVE WELL FINANCIAL, INC., a Delaware corporation, MICHAEL C. HILD, an individual, ERIC ROHR, an individual, and CHARLES DARREN STUMBERGER, an individual,

Defendants,

And

THE UNITED STATES OF AMERICA,

Intervenor.

Case No. 2:19-cv-11512
Hon. Matthew F. Leitman

---

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL FILINGS**

**Introduction**

Plaintiff Flagstar Bank, FSB, through its counsel, submits this notice of supplemental authority to bring to the Court's attention recent filings in the related criminal matters of defendants Michael C. Hild and Charles Darren Stumberger in the United States District Court for the Southern District of New York, *United States of America v Michael Hild*, S.D.N.Y. Case No. 1:19-cr-00602-RA and *United States of America v Darren Stumberger*, S.D.N.Y. Case No. 19-cr-608-RA. Flagstar

submits these materials because in this matter, as claimed defenses, both Hild and Stumberger have vaguely described the assertions not more fully described in the referenced pleadings. Flagstar believes the Court should have a full and current context of Hild's and Stumberger's evolving narratives and their treatment of this case. In addition, Stumberger has filed a habeas petition in his criminal matter, so he obviously expects the Court to consider it. For his part, Hild relies on Stumberger's recent filing to support the same theories he advances in this litigation. The Court "may take judicial of proceedings in other courts of record." *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999).

**A. Stumberger's New Pleadings.**

On September 10, 2026, Stumberger moved under 28 U.S.C. § 2255 to vacate his conviction and sentence. **Exhibit A**, Stumberger Motion and Memorandum, Doc. Nos. 48-50. Stumberger alleges that his former counsel failed to investigate potential defenses, steered him toward cooperation and a guilty plea, and coerced him during his plea colloquy.

Stumberger's motion also finally clarifies an issue that has occupied considerable attention in this case. For more than a year, Stumberger has repeatedly claimed that he is subject to a "grave" and "unmistakable" threat against him and his children that prevents him from fully defending this case. See ECF No. 148, PageID.5716-5719. He never identified the alleged threat despite the Court's

requests for specifics. Stumberger now reveals that the "threat" consists of communications from his former defense counsel warning him about the consequences of claiming that his guilty plea was involuntary and referencing the effect such statements could have on his children (clearly, counsel's reference to Stumberger's children is that their father would be in jail). Ex. A, Doc. No. 49 at pg. 10.

That disclosure confirms what this Court previously suspected: the alleged threat was not intimidation, witness tampering, or any attempt to prevent Stumberger from participating in this case. It was a warning about the consequences of taking a position inconsistent with sworn testimony previously given in federal court.

More fundamentally, Stumberger's current argument cannot be reconciled with the events of 2017 to 2019, including the SEC investigation, interviews, and testimony. Stumberger provided all of these statements of the facts before his plea. When Stumberger entered his plea in 2019, he faced the prospect of trial, conviction, and imprisonment. He nevertheless chose to plead guilty and testified under oath that his plea was voluntary and supported by facts. The Court cannot credit either the suggestion that: (1) during his plea, he was instructed to correct one fact, or (2) a warning about contradicting those same sworn admissions somehow constitutes a threat that invalidates a plea in 2019.

The alleged threat is also irrelevant to any issue pending here. Stumberger has repeatedly relied on this threat to explain his inability to articulate defenses, respond to dispositive motions, or address the admissions made during his guilty plea. Hild likewise relies on the alleged threat as a basis for seeking discovery. See ECF No. 152, PageID.5756. Now that Stumberger has finally disclosed the alleged threat, it is apparent that it has no relevance on the merits of Flagstar's claims or any defense.

**B. Hild's New Pleadings.**

Two days after Stumberger's filing, Hild filed a letter in support of his own pending § 2255 motion. **Exhibit B**, Hild Letter, Doc. No. 288. Hild argues that Stumberger's new assertions undermine Stumberger's trial testimony and support Hild's claims that his conviction rests on false or coerced testimony. Nothing could be further from the truth. To the extent Stumberger was important in Hild's trial, it is Stumberger's damning testimony, not his plea, that was important.

## Conclusion

Stumberger's and Hild's filings continue the same game of telephone that has permeated this litigation. Stumberger repeats theories that Hild has been making regarding Foster, Bloomberg, and pricing valuation schemes. Hild, in turn, immediately relies on Stumberger's repetition as support for his own claims, after characterizing them as "established." Yet neither of their filings identify new evidence regarding Flagstar. They instead continue the same self-serving narrative.

After years of chances and out of control filings, Stumberger and Hild cannot escape the basic fact that Flagstar is the victim of Live Well's fraud scheme—a scheme that resulted in Stumberger's guilty plea and Hild's criminal conviction.

Nothing in either filing alters the issues before this Court. Nor does Stumberger withdraw the detailed factual admissions supporting his guilty plea. The only fact from his plea colloquy that Stumberger's motion specifically addresses is that he initially answered "no" when asked if he had conspired with others. The rest of the facts remain unrepudiated, and those very specific facts form the basis of his plea, not the conclusion. Unless and until the Southern District of New York grants Stumberger's § 2255 motion, his guilty plea and sworn admissions remain in effect, and nothing in these recent filings alters the factual record relevant to Flagstar's claims or the defenses asserted.

Respectfully submitted,

BODMAN PLC

By: *_/s/ Joseph J. Shannon_*
Joseph J. Shannon (P38041)
Fawzeih H. Daher (P82995)
6th Floor at Ford Field
1901 St. Antoine St.
Detroit, MI 48226
Attorneys for Plaintiff
jshannon@bodmanlaw.com
fdaher@bodmanlaw.com

Dated: September 18, 2016

**CERTIFICATE OF SERVICE**

I hereby certify that on September 18, 2016, the foregoing was electronically filed with the Clerk of the Court which will give notice of such filing to all parties of record and service upon the following via first class mail and email at:

Charles Darren Stumberger
118 Chestnut Street #407
Red Bank, NJ 07701
cdjs2013@gmail.com

Michael C. Hild, Register Number 93692-083
FCI Petersburg Low
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 1000
Petersburg, VA 23804
michaelchristopherhild@gmail.com

By: */s/ Joseph J. Shannon*
Joseph J. Shannon (P38041)
Attorney for Plaintiff