7

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

FLAGSTAR BANK, FSB,
Plaintiff,

v.

MICHAEL C. HILD, et al.,
Defendants.

Case No. 2:19-cv-11512

Hon. Matthew F. Leitman

FILED
SEP 28 2026
CLERK'S OFFICE
DETROIT

**DEFENDANT MICHAEL C. HILD'S RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL FILINGS**

Defendant Michael C. Hild[1], proceeding pro se, respectfully submits this limited response to Plaintiff Flagstar Bank, FSB's Notice of Supplemental Filings, ECF No. 177.

On September 14, 2026, Defendant Charles Darren Stumberger filed ECF No. 176, notifying this Court that he had filed a counseled motion under 28 U.S.C. § 2255 challenging his guilty plea in the Southern District of New York. ECF No. 176, PageID.6946-6947. Stumberger stated that his plea was not knowing or voluntary, that it resulted from ineffective assistance and coercive conduct, and that he believed this development could bear upon issues in this action.

Flagstar responded four days later with ECF No. 177. Although styled as a "Notice of Supplemental Filings," Flagstar's submission principally disputes Stumberger's allegations, argues that his guilty plea remains valid, rejects his description of threats and coercion, and characterizes his § 2255 allegations as part of an "evolving narrative." ECF No. 177, PageID.6948-6952.

[1] Mr. Hild is presently incarcerated in federal custody. He has reviewed and approved this submission and executed the signature page; the original executed signature page is being submitted with this filing.

Hild does not undertake here to litigate Stumberger's § 2255 motion on Stumberger's behalf. Those issues are before the Southern District of New York, and Stumberger can respond for himself to Flagstar's characterization of his allegations.

Hild responds only because ECF No. 177 also addresses Hild directly and characterizes the September 12, 2026 letter filed by Hild's counsel in Hild's own § 2255 proceeding.

Flagstar states that Hild merely relies upon Stumberger's repetition of theories concerning Foster, Bloomberg, and valuation evidence, describing the interaction as a "game of telephone." ECF No. 177, PageID.6951. That characterization is inaccurate.

Hild's Foster/Bloomberg arguments predate Stumberger's present § 2255 filing. The September 12 letter filed by Hild's counsel did not contend that Stumberger's petition independently created the underlying Foster/Bloomberg evidence. Rather, counsel advised the Southern District of New York that Stumberger had now made sworn factual assertions bearing upon issues already raised in Hild's pending § 2255 motion, including Stumberger's prior testimony and the failure to investigate valuation-related evidence. ECF No. 177-3, PageID.6973-6975.

Those sworn assertions are significant in another respect that Flagstar minimizes. Stumberger now states under penalty of perjury that his guilty plea was the product of coercion and deficient legal advice. He further states that, during his plea colloquy, when asked whether he had an agreement with another person to commit the charged frauds, he initially answered "No," and changed that answer only after his counsel muted the microphone and allegedly threatened him with immediate custody unless he changed his response. Stumberger states that, but for counsel's threats, coercion, and deficient advice, he would not have entered the guilty plea and would have proceeded to trial. ECF No. 177-2, PageID.6966, 6971.

Flagstar is correct that Stumberger's conviction and plea remain legally operative unless and until the Southern District of New York grants relief. Hild has not argued otherwise in this Court.

But that procedural fact does not establish that Stumberger's newly sworn assertions are irrelevant, nor does it convert Flagstar's interpretation of those assertions into established fact. Those issues remain pending before the court adjudicating Stumberger's § 2255 motion.

Nor is Flagstar's effort to distinguish Stumberger's plea from his testimony at Hild's trial dispositive. Flagstar asserts that what mattered at Hild's trial was Stumberger's "damning testimony, not his plea." ECF No. 177, PageID.6951. But Stumberger's new allegations concern not merely the formal act of pleading guilty. He alleges that during the proffer process he was instructed to "take ownership" of the Government's narrative rather than provide his own independent account; that his account diverged from the Government's theory; and that counsel failed to investigate defenses and evidence concerning the Foster/Bloomberg/IDC valuation issues before he pleaded guilty and later testified. ECF No. 177-2, PageID.6963-6966.

Hild's counsel has therefore advised the Southern District of New York that Stumberger's present sworn assertions bear directly on the reliability of testimony used against Hild at trial. Counsel further argued that, if it is established that the Government knowingly permitted false testimony to be introduced, controlling authority treats reversal as "virtually automatic." See ECF No. 177-3, PageID.6975 (citing *United States v. Wallach*, 935 F.2d 445, 456 (2d Cir. 1991), and *United States v. Stofsky*, 527 F.2d 237, 243 (2d Cir. 1975)). Whether that standard is satisfied is an issue presently before the Southern District of New York; Flagstar cannot resolve that question merely by characterizing Stumberger's new sworn allegations as irrelevant here.

Finally, Flagstar's submission does not resolve the underlying Foster/Bloomberg issues. ECF No. 177 characterizes those matters as part of a self-serving narrative but does not substantively address the underlying evidence discussed in the filings it attaches.

Accordingly, Hild respectfully submits this limited response only to clarify his own position. He does not ask this Court to adjudicate Stumberger's § 2255 claims, determine the validity of Stumberger's plea, or decide the issues presently pending before the Southern District of New York. He asks only that Plaintiff's characterization of Hild's position and of the still-pending § 2255 proceedings not be treated as established fact.

Dated: September 22, 2026

Respectfully submitted,

Michael C. Hild
Pro Se

**CERTIFICATE OF SERVICE**

I hereby certify that on September 22, 2026, at the direction of Defendant Michael C. Hild, I caused the original of the foregoing **Defendant Michael C. Hild's Limited Response to Plaintiff's Notice of Supplemental Filings**, including Mr. Hild's original executed signature page, to be sent by United States mail to:

**Clerk's Office**
United States District Court
Eastern District of Michigan
231 W. Lafayette Boulevard, 5th Floor
Detroit, MI 48226

I further certify that on the same date, I caused a true and correct copy of the foregoing to be served by email upon:

**Joseph J. Shannon**
jshannon@bodmanlaw.com

**Fawzeih H. Daher**
fdaher@bodmanlaw.com
Counsel for Plaintiff Flagstar Bank, FSB

**Charles Darren Stumberger**
cdjs2013@gmail.com
Defendant, Pro Se

Laura D. Hild
Solely for purposes of effectuating mailing and service on behalf of Michael C. Hild

UNITED STATES POSTAL SERVICE. **Click-N-Ship®**

**G**

usps.com
$5.45
US POSTAGE

9400 1301 0935 5780 3786 76 0054 5000 0204 8226

U.S. POSTAGE PAID

09/22/2026
0 lb 2 oz

Mailed from 23223 388673667026078

**USPS GROUND ADVANTAGE™**

MICHAEL HILD
2302 E MARSHALL ST
RICHMOND VA 23223-7147

Created 2026-09-22

RDC 01

C052

US DISTRICT COURT EASTERN DISTRICT OF
CLERK OF COURTS
231 W LAFAYETTE BLVD # 5
DETROIT MI 48226-2700

**USPS TRACKING #**

**9400 1301 0935 5780 3786 76**

RECEIVED
CLERK'S OFFICE
DETROIT

RECEIVED
SEP 28 2026
CLERK'S OFFICE
U.S. DISTRICT COURT